STATE OF NEVADA, RESPONDENT, v. WILLIAM ROSE-
MURGEY, APPELLANT.

CRIMINAL LAW – AFFIDAVIT FOR CONTINUANCE. An affidavit for continuance
in a criminal case on account of the absence of witnesses should give
assurance of their attendance at the time to which it is proposed to
continue, and show the means of affiant's information ; and unless such
attendance seems probable the continuance should be denied.

GRANTING OR REFUSING CONTINUANCE MATTER OF DISCRETION. The granting
or refusing of a continuance in a criminal case rests in the sound discre-
tion of the court, and its ruling will not be disturbed on appeal, unless
an abuse of discretion is shown.

APPEAL from the District Court of the Seventh Judicial
District, Lincoln County.

The defendant was indicted for the murder of Joseph
Thomas, alleged to have been committed by shooting with
a pistol in Lincoln County, on November 3, 1873. He was
convicted of murder in the second degree, and sentenced to
confinement at hard labor in the State prison for the term
of fifteen years. He appealed from the judgment and an or-
der overruling a motion for new trial.

When the case came on for trial in the court below, de-
fendant presented an affidavit for continuance, the character
of which is set forth in the opinion.

*J. C. Foster*, for Appellant.

I. The case was called for trial for the first time on April
13, 1874. In many of the states, when a capital case is called
for trial for the first time, a continuance for one term is
granted almost as a matter of course. 2 Graham & Water-
man, N. T. 699. When a capital case is called for trial, and
the defendant still finds himself unprepared, courts are ex-
tremely indulgent in granting adjournments even when it is
simply expedient that a continuance should be had. *Turner*

State v. Rosemurgey.

v. *Morrison*, 11. Cal. 22; 3 Graham & Waterman, N. T. 894. See also *Choate* v. *Bullion M. Co.*, 1 Nev. 74.

II.	The affidavit shows all the diligence that could be expected, and shows positively that the witness would be within the jurisdiction of the court at the next term. It would have been sufficient to show that there was some reasonable probability that this attendance could be procured at next term. *State* v. *Chapman*. 6 Nev. 320.

III.	The threats stated in the affidavit were material and competent evidence under the testimony of both the prosecution and the defendant to explain the acts of the defendant. The threats were not only competent evidence but were absolutely necessary to explain the defendant's acts.

*L. A. Buckner*, Attorney General, for Respondent.

I.	The ruling of the court on the motion for a continuance was not a ground of exception, but one of discretion. C. L., Sec. 2046. The affidavit showed no sufficient cause for a continuance. *Commonwealth* v. *Gross*, 1 Ash. (Pa.) 281.

II.	The evidence stated in the affidavit was not material. There is no statement of facts in it to show that defendant acted in self-defense—in fact the affidavit does not state what the defendant, or deceased did in relation to self-defense. Threats cannot be material unless defendant can show that deceased assaulted him, and that as a last resort he was compelled to kill deceased to save his own life or prevent himself receiving great bodily harm. Sec. 27, Stats. 1861, p. 60; 2 Bishop's Crim. Law, Sec. 644—Note 4 and cases there cited.

III.	The granting of a continuance in a criminal case is within the discretion of the court. *State* v. *Chapman*, 6 Nev. 320; *Griffin* v. *Polhemus*, 20 Cal. 180. It will not be granted on account of the absence of a witness, whose testi-

mony is not material. *Harper* v. *Lamping*, 33 Cal. 641. It will not be granted where it is not known where the witness is or when his attendance can be procured.

By the Court, BELKNAP, J.:

The only assignment of error in this case is upon the ruling of the district court denying defendant's motion for a continuance. The defendant was indicted upon the 13th day of February, 1874, for the crime of murder. Upon the 11th day of March he was arraigned, and the cause set for trial upon the 6th day of April, when it was continued until the 13th day of April. A further continuance was then moved upon defendant's affidavit. The affidavit alleges that subsequently to the commission of the offense and before any charge had been made against the defendant, one of his material witnesses, named James Bundy, left the State of Nevada for the avowed purpose of visiting his home in Great Britain. Before taking his departure he told defendant that he would return to the town of Pioche before the month of September, 1874, and that if his return should be delayed he would so write defendant immediately upon reaching Great Britain. The affidavit does not state whether defendant has received any letter from Bundy touching his return; *non constat* that he did not write that his return would be delayed. It does state that the defendant has been informed that Bundy arrived at his home in England and intended to return to Nevada in a short time. The means of this information should have been shown to the court, so that it could have considered the probability of the witness' return. The humanity of the law affords every reasonable opportunity to defendants in criminal cases to obtain their witnesses, but unless there is an assurance of their attendance at the time proposed for the adjournment or continuance it will not be allowed. In this case, the defendant's

version of the absent witness' statement reveals the uncertainty of his return.

Defendant avers that he caused letters to be written to Bundy after the cause was set for trial. In the most favorable view of this statement, twenty-six days intervened during which no effort was made to communicate with the absent witness. The object of these letters is not stated, but assuming that they were for the purpose of ascertaining when Bundy would return and to hasten his return, they fail to show due diligence. It appears that Bundy stated upon leaving Pioche that he would visit his home at Redrouk in Cornwall, England; that he has friends in Pioche whom he directed to send to his address the "Daily Pioche Record," so that he could be informed of the *status* of defendant's case, and also that he requested these friends to call from time to time upon defendant. It is declared that letters were written to the absent witness immediately after the finding of the indictment, for the purpose of obtaining his deposition. Thus it would seem that Bundy's address was known to defendant, and that it could be obtained from the persons in Pioche who were directed to call upon him; yet, as a reason why no deposition has been obtained, it is asserted that "this affiant has not attempted to get a deposition from said witness because of the uncertainty of the residence of said witness." A bare statement of the matter set forth in the affidavit exposes its inconsistencies and destroys its credence. The efforts, if any were made, to obtain the deposition of the witness, are immaterial, since the provisions of the Criminal Practice Act of this State do not embrace cases of this nature, in which the witness is out of the jurisdiction of the court (*State* v. *Chapman*, 6 Nev. 320,) but the excuse given betrays the desperation to which the defendant was driven to avoid his trial.

Granting or refusing a continuance rests in the sound discretion of the district court. It is fully informed of the

circumstances of the case, and its ruling will be disturbed only when an abuse of discretion is shown. Its action in denying the continuance was correct; and it is ordered that the judgment and order appealed from be affirmed.