STATE *vs.* JOHN W. DOUGHERTY.

*Criminal Law—Larceny—Property Stolen; Alleged Owner of —Different Owner Proved—Nolle Prosequi Entered— Subsequent Trial—Plea of Former Jeopardy.*

1.   In an indictment for larceny, the property alleged to have been stolen was stated to be the property of,''Joseph Bancroft Sons' Company'' At the trial it appeared from theStates evidence that it was the property of ''Joseph Bancroft and Sons' Company''. The State permitted to enter a *nolle prosequi.*

2.   At a subsequent trial upon an indictment which charged that the property alleged to have been stolen was the property of Joseph Bancroft and Sons' Company'', the defendant contended that he could not be convicted because he had been put in jeopardy for the same offence in the former case: *Held* that the defendant was not in jeopardy under the original indictment within the contemplation of the Constitution of this State.

(*May* 18, 1906.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Daniel O. Hastings,* Deputy Attorney-General, for the State.

*John Biggs* for the defendant.

Court of General Sessions, New Castle County, May Term, 1906.

INDICTMENTS FOR LARCENY (Nos. 38 and 51, May Term, 1906).

The above named defendant was indicted at this term for the larceny of certain goods laid in the indictment as the property of ''Joseph Bancroft's Sons' Company''.

At the trial, the first witness produced by the State testified that he was not sure whether the corporate name of the owner of the property alleged to have been stolen was ''Joseph Bancroft's Sons' Company'' or ''Joseph Bancroft and Sons' Company''. The State then proved by the docket of certificates of corporations from the office of the Recorder of Deeds that the name of said corporation was ''Joseph Bancroft and Sons' Company''.

*Biggs,* for defendant, thereupon asked the Court to instruct

the jury to render a verdict of not guilty, on the ground of a fatal variance between the proof and the allegations in the indictment.

*Hastings*, Deputy Attorney-General, asked that a juror be withdrawn and the defendant held until he could be re-indicted.

*Mr. Biggs* opposed this application as contrary to the general practice of the Courts in criminal cases, contending that the defendant had been put on trial, and as he could not be convicted under a defective indictment, he should be discharged.

*Mr. Hastings* contended that the mere swearing of the jury was not a trial, and that as the first question asked of the first witness disclosed that the indictment was faulty in respect to the allegation of the name of the company whose property was alleged to have been stolen by the defendant, it was no hardship upon the defendant at this time before any evidence going to the merits of the case had been given to the jury, to pass upon the fact whether or not the defendant was guilty, to withdraw a juror and ask that the defendant be held until re-indicted.

LORE, C. J.:—Is your application to have a *nolle prosequi* entered?

*Mr. Hastings:*—Yes sir; I enter a *nolle prosequi.*

LORE, C. J.:—We think you are entitled to enter a *nolle prosequi* in this case—The better practice is generally to order the jury to return a verdict of not guilty. Let a *nolle prosequi* be entered.

Thereupon the Deputy Attorney-General framed a new indictment against the defendant, charging therein that the stolen articles were the goods and chattels of the "Joseph Bancroft and Sons' Company"; which indictment was returned "true bill" by the grand jury. And on the twenty-first of the same month Biggs, for the defendant, before the same Court as above, moved to quash the indictment on the ground that the defendant was put in jeopardy for the same offense in the case of the *State vs. himself*, being No. 38 to the May Term, 1906, citing:

*Heard's Criminal Pleading* 281; 1 *Bishop on Criminal Procedure* 960; *U. S. vs. Shoemaker*, 2 *McLean* 114; *State vs. Conner*, 45 *Tenn.* 311; *People vs. Barret and Ward*, 2 *Cain* 305 (*N. Y.*

*Com. Law* 437); *Commonwealth vs. Tuck*, 20 *Pick.* 356 (365); *Mount vs. State*, ·14 *Ohio* 295. (302); *State vs. Calendine*, 8 *Iowa* 288 (290)); *Knox vs. State*, 15 *South Eastern* (*Ga.*) 308; *Blair vs. State*, 7 *South Eastern* 855. ·

*Hastings*,Deputy Attorney-General, replied; contending that the present indictment was a different one from the first indictment, the description of the company whose property was alleged to have been stolen being a different corporation from that laid in the first indictment, although the taking is averred in the same manner; that the cases cited by the counsel for the defendant did not apply to the case at bar; citing in support of his right to re-indict the defendant the following authorities:

*Bishop's Criminal Law, Sec.* 1052; *Clark Criminal Procedure* 389; *Hite vs. State*, 9 *Yerger* 357 (*Tenn.*); *State vs. Williams*, 12 *Southern* 932, (*La.*); *Thompson vs. Commonwealth*, 25 *S. W. Reporter* 1059 (*Ky.*); *Commonwealth vs. Clair*, 7 *Allen* 525 (*Mass.*) *People vs. Warren*, 1 *Par. Cr.* 336; *Commonwealth vs. Wade*, 17 *Pickering* 395, (400.)

The Court held the matter under advisement until the twenty sixth of May, and thereupou rendered the following decision:

LORE, C. J.:—A majority of the Court, consisting of Judges Grubb and Pennewill, are of the opinion that the defendant Dougherty, was not in jeopardy under the original indictment within the contemplation of the Constitution of this State.

I do not agree with that view, but it is the view of the majority of the Court, and therefore the motion to quash is refused.