## STATE *vs.* JAMES G. KIMBALL.

*Criminal   Law—Embezzlement   of   Money;   Of   Check—Plea—*
*Former  Acquittal—Demurrer—Jeopardy—Evidence—*
*Money  Wrongfully  Received—Deposit  of  Check.*

1.   The sufficiency of the bar of the plea of former acquittal, is to be
determined by ascertaining whether the defendant could legally have been
convicted upon the previous indictment; for if he could not, then his life
or liberty was not in jeopardy under that  prosecution and the plea would
be no bar to his trial under a second indictment.

2.   Money unlawfully taken or received cannot be the subject of
embezzlment.   To support an indictment for the embezzlement of money,
or any other thing, the facts must show that it was lawfully taken or
received by the accused.

3.   The first indictment charged the defendant with the embezzle-
ment of money, the second with the embezzlement of a check.   The
evidence in the former trial showed that the check, the subject of the second
indictment, was endorsed by the defendant, deposited in a certain Trust
Company in violation of his agreement, and the money thereon paid to the
defendant.   *Held,* that the money was unlawfully received by the defen-
dant on said check, and that he could not, therefore, be legally convicted
of the embezzlement; that the plea of former acquittal constituted no bar
to the second indictment—the defendant not having been in jeopardy
under the first indictment.

*(January* 14, 1909.)

JUDGES GRUBB and PENNEWILL sitting.

*Andrew C. Gray,* Attorney-General, and *Josiah O. Wolcott,*
Deputy Attorney-General, for the State.

*J. Frank Ball* and *William H. Cooper, Jr.,* for the defendant.

Court of General Sessions, New Castle County, January
Term, 1909.

EMBEZZLEMENT

DEMURRER TO PLEA OF AUTREFOIS ACQUIT.

GRUBB, J., delivering the opinion of the Court:

At the September Term of this Court, 1908, the defendant

here, James G. Kimball, was tried under an indictment charging him with the embezzlement of certain money, the property of E. I. du Pont de Nemours Powder Company, a corporation of the State of New Jersey.

During that trial it appeared in· evidence that this defendant was employed by said company under an agreement made between the company and the defendant, to effect insurance from time to time for said company, which agreement provided and stipulated that all money, checks, etc. received by the defendant for the purpose of effecting such insurance, should be deposited in a special account with the Wilmington Trust Company, in this City, and should be drawn therefrom only by checks or drafts countersigned by said du Pont Powder Company.

As part of the State's proof in that trial, the following check and endorsements thereon were admitted in evidence:

"ALEXIS I. DU PONT, Assistant Treasurer.       No. X-21259

WILMINGTON, DEL., Mar. 12, 1907,

Pay to the order of J. G. Kimball                    $970.11

Nine hundred seventy              .   11-100          Dollars

Not over one thousand $1000$

To Guaranty Trust Co.

of New York               *Alexis I. du Pont*,

*Edw. S. Lentilhon.*

ENDORSEMENTS.

J. G. KIMBALL

Pay to the Order of
J. P. MORGAN & Co.
Endorsements guaranteed,
SECURITY TRUST AND
SAFE DEPOSIT Co.,
Wilmington,     Del.
W.   Scott   Towsend,
*Treasurer.*
Pay   National   Park
Bank of New York or

order, J. P. MORGAN &
    Co.
THE  NATIONAL  PARK
BANK  OF  NEW  YORK
    Paid
Mar.  22,  1907"

The indictment was founded upon *Section* 1, *Chapter* 153, *Volume* 16, *Page* 221, *Laws of Delaware* (*Revised Code*, *page* 942) as amended by *Chapter* 692, *Volume* 18, *page* 956, which provides as follows:

"Section 1. That every cashier, servant, agent, or clerk to any person, or to any body corporate, or being employed for the purpose, or in the capacity of a cashier, servant, agent, or clerk, by any person or body corporate, who shall embezzle, fraudulently abstract, or missapply any money, goods, bill, note, bond, check, evidence of debt, or other valuable security, or effects, which, or any part whereof, shall be delivered to, or received, or taken into possession of him, or to which he has access for, or in the name, or on account of his master, or employer, although such money, goods, bill, note, bond, check, evidence of debt, or other valuable security, or effects, was not received into the possession of such master, or employer, otherwise than by the actual possession of his cashier, servant, agent, clerk, or other person, so employed, shall be deemed guilty of a misdemeanor, and shall, on conviction thereof, be imprisoned for a term not less than two years, nor more than ten years. In every indictment for a violation of this section, when the offense shall relate to coin or notes circulating as money, it shall be sufficient to allege the embezzlement to be of money without specifying any particular coin, or notes circulating as money, and such allegation, so far as regards the description of the property, shall be sustained, if the offender shall be proved to have embezzled any amount of coin or notes circulating as money, although the particular species of coin or notes circulating as money, of which such amount was composed, shall not be proved."

The only charge in said indictment was for the embezzlement of money. There was no count therein for the embezzlement of said check for $970.11, or any other check.

At the conclusion of the testimony for the State, and upon the application of the Attorney-General, the jury, by direction of the Court, returned a verdict of not guilty.

Subsequently, at the present term of this Court, another indictment was found under said statute, charging the said defendant, James G. Kimball, with the embezzlement of the same check for $970.11 which was in evidence at the former trial.

To this indictment the defendant has pleaded a former acquittal, and on the State's demurrer thereto the case is now before us for our determination. .

The sufficiency of the bar of this plea of former acquittal is to be determined by ascertaining whether the defendant could legally have been convicted upon the previous indictment; for if he could not, then his life or liberty was not in jeopardy under that prosecution and the plea would be no bar to his trial under the present indictment.

The facts presented under the present plea, and the State's demurrer thereto, show that the defendant had agreed with said du Pont Powder Company that all money or checks received by the defendant from said company, for the purpose of effecting insurances for it, as this check for $970.11, mentioned in this present indictment was, were to be deposited in a special account with the Wilmington Trust Company, and to be drawn therefrom only on checks or drafts countersigned by said du Pont Company.

Such being the conditions under which this particular check for $970.11 was drawn by the du Pont Powder Company, and received by the defendant, he could not lawfully have deposited said check to his credit with the Security, Trust and Safe Deposit Company, in this City, nor lawfully have received from it the money payable thereon, for to do so would have been not only without authority, but contrary to the stipulations, restrictions and obligations of the trust which he had accepted under his agreement with the said Powder Company.

The first indictment charged him solely with the embezzlement of money, and not with the fraudulent conversion or misappropriation of this or any other check.

Money unlawfully taken or received cannot be the subject of embezzlement. To support an indictment for the embezzlement of money, or any other thing, the facts must show that it was lawfully taken or received by the accused.

*Foster vs. State*, 2 *Pennewill*, 115.

The evidence in the former trial, and now before us, shows that the said check for $970.11, the subject of this second indictment, was endorsed by the payee, the said defendant, and instead of being deposited in the Wilmington Trust Company, was put by him into the hands of the Security, Trust and Safe Deposit Company of this City, whence with its endorsements thereon, it went to New York where it was paid by the drawee thereof.

Even if this had been sufficient to establish, under the first indictment, either presumably or actually, that the money thus paid on this check had been received by the defendant, yet it would also have affirmatively disclosed to the Court in that trial that such money had been unlawfully procured and received by the defendant, and therefore that he could not legally be indicted for, or convicted of, the crime known as embezzlement in respect to that particular money so procured or received by him through said check.

With that controlling and conclusive fact before the trial Court in the former case, it could not have held such transaction to be embezzlement, and rendered a judgment thereupon, even if the jury had returned a verdict of guilty of embezzlement, and consequently it would have been the duty of the Court to direct, as it did, the jury to find a verdict of acquittal.

We accordingly consider that the defendant was not in jeopardy under that prosecution, and that the plea now in question is no bar to the present proceeding under this second indictment.

The present indictment charges him with the embezzlement of the same check for $970.11, but which, as the evidence before

us shows, he lawfully received from the Powder Company for the said special purpose agreed upon, as already stated, by him and the said company. Under the said statute, such a check so received, may be the subject of embezzlement.

We regard this as a plainly different transaction to that embraced in the former indictment, and as a clearly distinct offense. This conclusion is, in our judgment, supported by abundant judicial authority.

We therefore sustain the demurrer to the defendant's plea of *autrefois acquit*.