STATE *vs.* MARY WILLIAMS.

1. LARCENY—INDICTMENT—CHARGE OF OWNERSHIP—JOINT OWNERSHIP—PROOF AND VARIANCE.

Where indictment for larceny charged ownership of goods in two persons, proof of ownership by the persons in severalty would not support conviction; the question of ownership being material and necessary to be proved as alleged.

2. LARCENY—INDICTMENT—CHARGE OF OWNERSHIP—JOINT OWNERSHIP—PROOF AND VARIANCE.

*Rev. Code* 1915, § 4830, providing that where property belongs to more than one person, the indictment for larceny may name but one of them, does not support conviction of larceny under indictment alleging joint ownership, where ownership of different property in severalty was proved.

(*February* 1, 1917.)

Judges CONRAD and HEISEL sitting.

*David J. Reinhardt*, Attorney General, and *P. Warren Green* Deputy Attorney General, for the state.

*Levin Irving Handy* for defendant.

Court of General Sessions, New Castle County, January Term, 1917.

INDICTMENT for larceny, No. 32, January Term, 1917.

Mary Williams was convicted of larceny, and moved for new trial. Motion allowed, and new trial granted.

The defendant was tried on January 5th, 1917, for the larceny of certain goods and chattels laid as the property of Lewis L. Jarrell and Beulah Jarrell.

The evidence produced by the state showed that certain articles belonged to Lewis L. Jarrell and that certain other articles belonged to Beulah Jarrell but no evidence was produced to show that the articles belonged to Lewis L. Jarrell and Beulah Jarrell jointly.

At the close of the state's case, a motion was made that the court instruct the jury to find a verdict of not guilty because of a variance in the proof between the allegations of the indictment and the evidence produced. This motion was refused,—and a verdict of guilty rendered against the defendant.

The defendant now moves for a new trial on the ground that the court erred in refusing the motion for instructions on the ground of a variance.

CONRAD, J. [1] The court on reflection and after examining the authorities cited by defendant's counsel is satisfied that the indictment having charged joint ownership it was incumbent upon the state to prove that the goods in question were held in joint ownership, by the two individuals as whose property they were laid.

The proof was clearly of ownership in severalty and did not sustain the allegations of the indictment. The question of ownership is material and must be proven as alleged.

[2] *Section* 4830 of the *Revised Code* 1915 has no bearing upon the case at bar. It provides that, where property belongs to more than one person, the indictment may name but one of them, but in the pending case there was no evidence that any of the property belonged to more than one person.

The case of *Widner v. State*, 25 *Ind.* 234, and *State v. Ellison*, 58 *N. H.* 325, uphold the contention made by defendant's counsel. The question does not seem to have been passed upon directly in any case in this state.

The motion of defendant's counsel is allowed and a new trial granted.