STATE vs. HARFORD ROBINSON and WALTER BEDDLE.

1. CRIMINAL LAW—EFFECT OF TESTIMONY—CREDIBILITY OF WITNESSES.

The effect of the testimony and the credibility of witnesses are for the jury, and the court cannot comment thereon.

2. CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE.

Circumstantial evidence, to warrant a verdict of guilty, must be entirely satisfactory, and of such significance, consistency, and force as to produce conviction in the minds of the jury of the guilt of the accused beyond a reasonable doubt.

3. CRIMINAL LAW—TESTIMONY OF ACCOMPLICE.

While a jury may convict upon the unsupported testimony of an accomplice, the better rule is that conviction should not be had unless such testimony is corroborated in some material part by other evidence, direct or circumstantial.

4. LARCENY—POSSESSION OF PROPERTY.

Where personal property that has been recently stolen is found in the possession of a person, that person is presumed to be the thief, and guilty of the larceny, unless he makes a satisfactory explanation of such possession, and convinces the jury that it is a lawful one.

5. LARCENY—OWNERSHIP AS LAID—PROOF.

It is not essential that the state should prove sole or actual ownership in the person named as owner in an indictment for larceny; proof of lawful possession at the time of the theft being sufficient under *Rev. Code* 1915, § 4834.

*(April 20, 1918.)*

PENNEWILL, C. J., and BOYCE, J., sitting.

*James M. Satterfield*, Deputy Attorney General, for the state.

*Thomas C. Frame, Jr.*, for the accused.

Court of General Sessions, Kent County, April Term, 1918.

INDICTMENT No. 7, April Term, 1918.

Harford Robinson and Walter Beddle were indicted for the larceny of corn, husked and left in the open field of William Legg, the tenant in possession, who shared with his landlord in the crops. Beddle pleaded guilty. Verdict of not guilty for Robinson.

The corn was stolen in the night time, and there was evidence that the team used in hauling the corn from the field was tracked to the home of the accused the following morning.

PENNEWILL, C. J., charged the jury in part:

[1] The effect of the testimony, and the credibility of the witnesses are entirely for the jury, and the court are not permitted to comment thereon.

There are, however, a few principles of law applicable to the facts of this case, and with respect to them the court will charge you briefly.

[2] 1. Circumstantial evidence, to warrant a verdict of guilty must be entirely satisfactory, and of such significance, consistency and force as to produce conviction in the minds of the jury of the guilt of the accused beyond a reasonable doubt.

[3] 2. While a jury may convict upon the unsupported testimony of an accomplice, the better rule is, that conviction should not be had unless such testimony is corroborated in some material part by other evidence, direct or circumstantial.

But if the jury are satisfied beyond a reasonable doubt, after carefully considering all the evidence, that the accused is guilty they should not hesitate to convict even though the evidence is in whole or in part circumstantial, and one of the witnesses for the state was an accomplice, provided his testimony is corroborated in some material part by other evidence.

[4] 3. Where personal property that has been recently stolen is found in the possession of a person, that person is presumed to be the thief, and guilty of the larceny, unless he makes a

satisfactory explanation of such possession, and convinces the jury that it is a lawful one.

[5] 4. The indictment in this case charges that the corn alleged to have been stolen was the property of William Legg, but it is not essential that the state should have proved that he was the sole or actual owner. It is sufficient if it is shown to your satisfaction that Legg had the lawful possession of the corn at the time it was stolen. *Rev. Code* 1915, § 4834; *State v. Jackson et al., Houst. Cr. Cas.* 561.

This case is not at all similar in its facts to that of *State v. Williams*, 6 *Boyce* 368, 100 *Atl.* 407, and, moreover, in the *Williams Case* the statute above mentioned was not cited or considered by the court.

Verdict, not guilty.