SAMUEL J. HALL, Defendant Below Appellant, *vs*. THE STATE OF DELAWARE, Plaintiff Below Respondent.

(*April* 22, 1926.)

PENNEWILL, C. J., and HARRINGTON, J., sitting.

*James H. Hughes* for Defendant Below Appellant.

*Earle D. Willey*, Deputy Attorney-General, for the State, Plaintiff Below Respondent.

Court of General Sessions for Kent County, No. 6, April
Term, 1926.

PENNEWILL, C. J., delivering the opinion of the Court:

The record of the justice, which is before us, speaks for
itself, and must be presumed to correctly state the proceedings at

the trial. We think it is the general rule of law in those states that have a constitutional provision respecting former jeopardy, similar to ours (*Article 1, Section* 8, *Constitution of* 1897) that where a defendant is placed on trial under a valid indictment and a jury is drawn and sworn to try the case, he cannot be again tried for the same offense. 16 *C. J.* 236, 237, 248, 249; *Commonwealth v. Hart*, 149 *Mass.* 7, 20 *N. E.* 310; *Com. v. Tuck*, 20 *Pick.* (*Mass.*) 356, 365; *McFadden v. Com.*, 23 *Pa.* 12, 62 *Am. Dec.* 308; *Alexander v. Com.*, 105 *Pa.* 1; *State v. Whipple*, 57 *Vt.* 637. See, also, *State v. Tindal*, 5 *Harr.* 488.

It is true that there are exceptions to this rule, for instance, where, for the promotion of justice, or for some other necessary reason, the jury is discharged before rendering a verdict. 16 *C. J.* 250, etc.; *Com. v. Cook*, 6 *Serg. & R.* (*Pa.*) 577, 9 *Am. Dec.* 465; *U. S. v. Perez*, 9 *Wheat.* 579, 6 *L. Ed.* 165.

There is no case in this state that is inconsistent with the general rule above referred to. In the cases which have been called to our attention there was some invalidity in the indictment or, at least, the court was satisfied that by no possibility could there have been a legal conviction in the original prosecution. For that reason, it was held that the defendant had not been in jeopardy within the meaning of the law. *State v. Whaley*, 2 *Harr.* 532; *State v. Crutch, Houst. Cr. Cas.* 204; *State v. Dougherty*, 6 *Penn.* 398, 70 *A.* 16; *State v. Kimball*, 7 *Penn.* 146, 77 *A.* 412.

It is true that those cases were before a jury, but we can see no difference in principle between such a proceeding and one before a justice of the peace.

The withdrawal of the charge before a justice would be the same in legal effect as the entry of a *nolle prosequi* in a jury trial. *Com. v. Hart*, 149 *Mass.* 7, 20 *N. E.* 310.

In almost all the cases that are apparently against the general rule, the indictment was invalid. This was so in the Vermont case cited by the State. *State v. Champeau*, 52 *Vt.* 313, 36 *Am. Rep.* 754. It was also the case in *State v. Crutch, Houst. Cr. Cas.* 204.

The motion of the state to quash the plea of the defendant is therefore refused.

Note. While the question was not discussed by the Court, *State v. Brewer*, 1 *W.. W. Harr.* (31 *Del.*) 363, 114 A. 604, was apparently considered to be within the exceptions to the general rule referred to in the above opinion.

As to whether a defendant had been in jeopardy, where the original conviction before a justice of the peace was not regular and *bona fide*, see *State v. Richardson*, 7 *Boyce* 6, 102 *A.* 82.