STATE *v.* WILLIAM SCHWARTZ and PAUL DUMPSON.

(*December* 12, 1932.)

HARRINGTON and RICHARDS, J. J., sitting.

. *Charles F. Richards,* Deputy Attorney-General, for the State.

*James R. Morford* (of Marvel, Morford, Ward and Logan) for the defendant, Schwartz.

Court of General Sessions for New Castle County, No. 1, November Term, 1932.

HARRINGTON, J., delivering the opinion of the Court:

█ █ As was pointed out by the Court in *State v. Schwartz and Dumpson*, 5 *W. W. Harr.* (35 *Del.*) 415, 166 *A.* 665, the indictment in the crime of arson must allege property in the possessor of the house burned rather than in the owner of the legal title of such house; and that allegation is a material part of the description of the offense and must, therefore, be proved, as alleged. *Martha v. State*, 26 *Ala.* 72, citing 2 *East Crown Law* 1034; *Com. v. Wade*, 17 *Pick.* (*Mass.*) 395.

█ To sustain a plea of former acquittal the prior proceeding must have been based on a good and sufficient

indictment on which a valid judgment could have been based.

By reason of that fact, it is well settled that where there is a material defect on the face of the indictment, under which a defendant is tried, or in fact if such indictment is invalid for some other reason, though not apparent on its face, the defendant therein is not deemed to have been placed in jeopardy, within the meaning of that term, and may be tried again for the same offense under a subsequent valid indictment. *State v. Crutch,* 1 *Houst. Cr. Cas.* 204; *State v. Whaley,* 2 *Harr.* 532; *Hall v. State,* 3 *W. W. Harr.* (33 *Del.*) 233, 134 *A.* 692; *Com. v. Wade,* 17 *Pick.* 395; *Joy v. State,* 14 *Ind.* 139; *State v. Ray,* 1 *Rice* (*S. C.*) 1, 33 *Am. Dec.* 90; 2 *Whart. Cr. Proc.,* § 1365; 1 *Archb. Cr. Pl. & Pr.* 341; 16 *C. J.* 241, 243, 248; 1 *Russell on Crimes* 835.

Though the defect was not apparent on the face of the indictment this Court, therefore, apparently, held that a defendant had not been in jeopardy when the prior indictment upon which he was tried was not found in the county in which the alleged offense was committed. *State v. Whaley,* 2 *Harr.* 532. See, also, *Archb. Cr. Pl. & Pr.* 341, *note.*

The defendant's plea not only alleges that he was in jeopardy at the previous trial at the September Term, 1932, but, also, alleges that he was then acquitted on an indictment charging precisely the same offense.

In 1 *Archb. Cr. Pl. & Pr.,* at 343 and 344, *note,* the author says:

"The rule, undoubtedly, is that if the prisoner could have been convicted on the first indictment upon any evidence that might have been adduced (necessarily meaning under its allegations), his acquittal on that indictment may be successfully pleaded to a second indictment; and it is immaterial whether the proper evidence were adduced at the trial of the first indictment, or not. But if the variances are in those things which are material, *autrefois acquit* must not be pleaded; for either the first indictment was ineffectual, and, there-

fore, the acquittal is of no avail, or the second will prove not applicable to the evidence."

Under the facts of this case it is, however, unnecessary for us to determine to what extent the general principles, above stated, apply in cases where there is a material variance between the allegations of the indictment and the proof, and, therefore, whether the defendant can be said to be in jeopardy under such circumstances. See, also, however, 16 *C. J.* 243, 248; *Reg. v. Green,* 7 *Cox Cr. Law Cas.* 186; *State v. Dougherty,* 6 *Penn.* 398, 70 *A.* 16; *State v. Whaley,* 2 *Harr.* 532.

■■ It is apparent that an indictment alleging that the defendant burned the house of Herman Wilson charges a different offense from the indictment alleging that he burned the house of William Schwartz, Trustee, and, therefore, requires different evidence to prove it.

The rule on this question is stated in 1 *Archb. Cr. Pl. & Pr.* 343, *note,* where the author says:

"As to the identity of the offense, if the crimes charged in the former and present prosecution are so distinct that evidence of the one will not support the other, it is inconsistent with reason as it is repugnant to the rules of law to say that the offenses are so far the same that an acquittal of the one will be a bar to the prosecution for the other."

Applying this rule, that the defendant, Schwartz, was not tried for the same offense at the former trial is, therefore, apparent. That being true, the allegations of his plea, in that respect, are not sustained. *Martha v. State,* 26 *Ala.* 72; *Com. v. Wade,* 17 *Pick.* (*Mass.*) 395; *Reg. v. Green,* 7 *Cox Cr. Law Cas.* 186; *Pennsylvania v. Huffman, Add.* (*Pa.*) 140; 2 *Whart. Cr. Proc.,* § 1387; 1 *Archb. Cr. Pl. & Pr.* 341, 343, 348, *note;* 16 *C. J.* 243, 248; 1 *Russell on Crimes* 831.

The same general principle has already been applied in this state. *State v. Kimball,* 7 *Penn.* 146, 77 *A.* 412; see, also, *State v. Dougherty,* 6 *Penn.* 398, 70 *A.* 16, *supra.*

In *Reg. v. Green,* 7 *Cox Cr. Law Cas.* 186, *supra,* the original prosecution for larceny failed and an acquittal was directed because the indictment alleged that the boots stolen were the property of Rowland Britton, whereas the proof showed that they were the property of his father, John Britton. A subsequent indictment properly alleging ownership was found and a plea of former acquittal was filed. The Court held that a correction in that indictment was proper as the defendant's plea was not proved, though one judge, apparently, based his conclusion on the ground that the defendant, because of the variance between the material allegations of the original indictment and the proof was never in peril of a conviction.

For the reasons above given, the motion of the State to quash the plea of former acquittal of the defendant, Schwartz, is granted.

The defendants were tried at the March Term, 1933, for New Castle County, but, during the trial, the State (Percy Warren Green, Deputy Attorney-General) *nolle prossed* the charge against Paul Dumpson and the case, therefore, went to the jury against William Schwartz, alone.

HARRINGTON, J., in charging the jury, among other things, said:

The allegation that the house in question was the dwelling house of Herman Wilson has been proved if you believe that such house was rented to him and that the particular room and portion of such house, which is claimed to have been set on fire, had not been rented or sublet by him to any one else. This is because arson is a crime against the possessor rather than against the owner of the legal title to any building that may have been fired or burned.

In order to sustain the charge against the defendant, Schwartz, you must be satisfied, among other things, that some portion of the house described in the

indictment was actually ignited or set on fire; and that, though the fire was started by Dumpson, it was done at the request and by the procurement of Schwartz. It is not necessary, however, that the fire should have consumed the building in question, or that such building should have even been materially injured by it; but it is essential to the State's case that you should be satisfied that the fire was actually communicated to the building itself to such an extent as to have taken effect on, and in some degree destroyed some portion of the fibrous part of the wood and lumber composing a part of it.

And this is true whether the material in question was actually in a blaze or merely charred, though a mere scorching, without any actual ignition of a portion of the building, would not be sufficient.

In 3 *Greenleaf on Evidence,* § 55, the author says:

"There must, also, be proof of an actual burning of the house. It is not necessary that the entire building be destroyed; it is sufficient that fire be set to it, and that some part of it, however small, be decomposed by the fire, though the fire be extinguished or go out of itself. But an attempt to set fire to the house, by putting fire into it, if it do not take, and no part of the house be burned, though the combustibles themselves are consumed, is not arson at the common law."