THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ROBERT TALLMAN, Respondent.

County Court, Herkimer County, November 15, 1948.

*Andrew J. Moore* for appellant.

*James P. O'Donnell* for respondent.

PETERSON, J. The defendant was charged with having violated section 1 of article 1 of the Sanitary Code of the Village of Herkimer, New York. A trial was held before the Police Justice

and at the conclusion of the People's case, a motion was made on behalf of the defendant in the following language: "By Mr. O'Donnell: The defendant moves for his discharge upon the ground, insufficient proof to warrant the finding of guilty, there is no proof whatsoever necessary allegations contained in the complaint, no proof whatsoever of the existence of the statute or offence described in the complaint, no proper proof of any Sanitary Plumbing Code, and people have failed to establish the defendant guilty beyond a. reasonable doubt.''

The motion was denied subject to its being renewed.

At the close of the evidence, another motion was made on behalf of the defendant, in the following language: "By Mr. O'Donnell: We renew our motion for dismissal made at the close of the People's case and urge if your Honor please, that this motion should be granted at this time, that there is improper proof of the Village Ordinance. I understand your Honor holds judicial notice of all ordinances, with all respect to your Honor there is insufficient proof all the way around to establish the guilt of this defendant. There is enough confusion and uncertainty in the proceedings of the Board of Trustees of the Village of Herkimer which would constitute grounds to throw out the case. It isn't in the record, your Honor will take judicial notice that someplace in some of these lawyers' offices they haven't made up the index to the Code. The Code is being prepared and they have been working on it for the past four years and it isn't done yet. On the additional ground why he should be discharged, his willingness, is intention to comply with the law. He attempted to procure a license and at that time pay the necessary fees and file a bond. He has no desire to compete with other plumbers wanting to make an honest dollar by furnishing fixtures and materials because that is where the money is rather than labor. I don't think this defendant should be picked on and prosecuted under all the circumstances. He is honest, he tried to get an examination, he made a further attempt after this offense is alleged to have occurred. There is just as much uncertainty if he is ever going to get an examination. Mr. Feolts testified that they wrote away someplace for an examination. We say there was no plumbing inspector since John Murphy resigned years ago and before his death and it was just practically abandoned. If there was a law it was not in force. There is no proof of criminal intent, sufficient proof to warrant the discharge of Mr. Tallman on this offense and we ask he be discharged at this time."

The trial justice granted the motion in this language: " Judge DALY: I grant the motion for the defense, dismissal of the information, discharge of the defendant on the ground this being a criminal action I think there is at least a reasonable doubt not as to the facts alleged. in the information but it is my opinion that the defendant has done everything a reasonable person could be expected to do. That on two different occasions he spoke to the engineer, Mr. Bachelder, of the Municipal Commission who according to the Code is a member of this Board, if the board be in existence, that he spoke to the Mayor of the Village, whether that has any force or effect I will not rule. After having twice spoken to the person who normally is in charge of plumbing in the village that the defendant could hardly be asked to do any more. I don't want to make any remarks which would indicate that in my opinion this Code is not in effect. The Plumbing Code is a necessary and good thing definitely for the village, but in this particular case on these facts I will grant the motion to dismiss."

From this determination the People have appealed under sub-divisions 3 and 5 of section 518 of the Code of Criminal Procedure, claiming that the trial justice was in error in dismissing the information and discharging the defendant on the grounds stated by him, and the County Court is now asked to reverse the judgment of the Police Court. The defendant takes exception to the appeal, claiming that the decision of the Police Court was equivalent to an adjudication of not guilty, and that sub-divisions 3 and 5 of section 518 do not apply. A motion has accordingly been made by defendant to dismiss the appeal.

The defendant on the argument of the motion maintains that to grant the relief sought in this appeal would place him in double jeopardy, contrary to the constitutional guarantee against double jeopardy, and this phase of the matter, therefore, is important.

Section 6 of article I of the New York State Constitution provides in part as follows: " No person shall be subject to be twice put in jeopardy for the same offense ".

In *People ex rel. Meyer* v. *Warden* (269 N. Y. 426, 429) the court said: " It is not necessary in order that a person may avail himself of the constitutional right not to be placed twice in jeopardy for the same offense that the prior trial shall have resulted in a valid judgment either of conviction or acquittal. It is sufficient if the prisoner was actually placed in jeopardy in that he was in danger of having a valid judgment pronounced as the result of the trial."

In the present instance defendant was placed in danger of having a valid judgment pronounced as the result of the trial. The evidence was completed and the trial judge could well have pronounced a verdict thereon.

In *People* v. *Goldfarb* (152 App. Div. 870, affd. 213 N. Y. 664) a defendant had been charged with disorderly conduct. On the trial of the charge and before all the evidence was in, the court directed that a new complaint be made and the defendant discharged. The appellate court said that what occurred was in effect an acquittal and ruled that defendant could not be subsequently tried.

In a more recent case (*People* v. *Gehlberd,* 272 App. Div. 914) the defendant had been charged with the unlawful practice of dentistry. The trial court at the close of the People's case granted a motion to dismiss for insufficiency of the evidence. In granting the motion the court stated: '' Motion is granted. The defendant is acquitted.'' Thereafter the court made an order to the effect that a motion to dismiss the information be granted. Appeals were taken from the granting of both orders by the People and both appeals were dismissed. The appellate court said: '' Defendant was charged, tried and acquitted and he cannot be retried.''

This court accordingly holds that the decision of the trial court in dismissing the information and discharging the defendant amounted to an acquittal or a judgment of not guilty, and to further prosecute the defendant would place the defendant in double jeopardy. Hence no appeal can be taken from the decision.

Moreover, subdivision 5 of section 518 of the Code of Criminal Procedure specifically precludes an appeal where there has been a verdict or judgment of not guilty.

The motion to dismiss the appeal is, therefore, granted.