STATE OF DELAWARE v. WILLIAM L. MILLER.

(*November* 5, 1959.)

STIFTEL, J., sitting.

*Max S. Bell, Jr.*, Deputy Attorney-General, for the State.

*Robert C. O'Hora* for defendant.

Superior Court for New Castle County, No. 95, Criminal Action, 1959.

STIFTEL, J.:

This is a motion for an order dismissing an indictment, made by the defendant on the grounds that he has been in jeopardy at a previous trial, and that the trial of the instant indictment would constitute being in jeopardy twice, in violation of Article 1, Section 8 of the Constitution of the State of Delaware, *Del. C. Ann.*

William L. Miller was charged with larceny of miscellaneous pipes and pipe fittings of the value of $113.55, the property of Daniel Rappa, allegedly occurring on October 9, 1958. At the trial on January 7, 1959, Daniel Rappa, on cross-examination by defendant's attorney, testified, in substance, that the property stolen was the property of Daniel D. Rappa, Inc., a corporation, instead of his property, as the indictment indicated.

Defendant moved that the testimony of the two witnesses who had testified up until this time be stricken with regard to the ownership of the stolen property since it was at variance with the ownership of the property recited in the indictment. The State consented to the motion to strike the evidence. Immediately thereafter there were many motions presented to the Court by both sides, some of which were withdrawn and some of which were ruled upon. Both sides changed position constantly, hoping to gain advantage by so doing. The State finally rested its case, whereupon the defendant moved to dismiss the charge against the defendant on the ground that the State had not established a *prima facie* case in accordance with the indictment against defendant. The Court granted this motion with the consent of the State. The jury was recalled by the Court and discharged.

A new indictment was filed against defendant on March 2, 1959, charging him with stealing miscellaneous pipes and pipe fittings of the value of $113.55 on October 9, 1958, the property of Daniel D. Rappa, Inc. This indictment differed from the first indictment only because it alleged the property was owned by Daniel D. Rappa, Inc., instead of Daniel Rappa.

On March 11, 1959, defendant filed a motion to dismiss the second indictment on the ground of former jeopardy or *autrefois acquit*, alleging that he had been previously placed on trial and in jeopardy for this alleged offense; and that on the former charge he had entered his plea of not guilty, that

a jury had been selected, empanelled and sworn to try him and that the State had presented its entire case and rested. He claims that the indictments charge the same offense, the only difference being the allegation of the ownership of the property stolen. Defendant contends that there was no reason to dismiss the first indictment because of the alleged variance, that the State could have amended the first indictment or, even without amending, the defendant could have been convicted because it was sufficient to show under the indictment that possession of the goods was in Daniel Rappa even though ownership of the goods was in Daniel D. Rappa, Inc.

The State, on the other hand, contends first that the defendant is estopped to claim that the defendant could have been convicted under the first indictment, which alleged the goods stolen to be the property of Daniel Rappa instead of Daniel D. Rappa, Inc., because he initiated the dismissal of the case, which was consented to by the State, and secondly, it argues that there is no former jeopardy because the facts that are required to convict under the first indictment are different from the facts required to convict under the second indictment.

### Double Jeopardy

Since 1792, Delaware's Constitutions (Article 1, Section 8, in each case) have provided:

"* * * no person shall be for the same offense twice put in jeopardy of life or limb."

In order to determine whether the two indictments charge the same offense, it is necessary to determine whether the facts required to convict in this second prosecution would have convicted on the first prosecution. *State v. Simmons*, 9 *Terry* 166, 99 *A.* 2d 401, 402-403.

■ It is settled in this State that where there is a material defect on the face of the indictment, under which a defendant is tried, or, in fact, if such an indictment is invalid for some other reason that is not apparent on the face of the indictment, the defendant therein is not deemed to have been placed in jeopardy within the meaning of that term and may be tried for the same offense under a subsequent valid indictment. *State v. Schwartz*, 5 *W. W. Harr.* 418, 166 *A.* 666, 667; *State v. Crutch*, 1 *Houst. Cr. Cas.* 204; *State v. Whaley*, 2 *Harr.* 532; *Hall v. State*, 3 *W. W. Harr.* 233, 134 *A.* 692. In *State v. Schwartz, supra*, 166 *A. at page* 668, the Court quotes with approval 1 *Archb. Cr. Pl. & Pr.* 343 and 344:

"The rule, undoubtedly, is that if the prisoner could have been convicted on the first indictment upon any evidence that might have been adduced, (necessarily meaning under its allegations), his acquittal on that indictment may be successfully pleaded to a second indictment; and it is immaterial whether the proper evidence were adduced at the trial of the first indictment, or not. But if the variances are in those things which are material, *autrefois acquit* must not be pleaded; for either the first indictment was ineffectual, and, therefore, the acquittal is of no avail, or the second will prove not applicable to the evidence."

■ Whether or not double jeopardy exists in this case depends on the answer to the following question: Could the defendant have been convicted by the evidence at the trial on the first indictment? The State's witness testified that the property taken by the defendant belonged to Daniel D. Rappa, Inc.; the indictment charged that the property belonged to Daniel Rappa individually. Ordinarily, without a statute, this Court would be confronted with the difficult problem of determining whether or not there was a material variance between the evidence adduced at the trial and the first indictment. However, in this case, it is unnecessary to determine whether or not the variance is material. This, for the reason

that this State has a statute which, if relied upon at the time of the trial, would have allowed the defendant to have been convicted under the first indictment. This statute (11 *Del. C.* § 3505) reads as follows:

"§ 3505.   Proof of possession or special property

"In the prosecution of any offense committed upon, in relation to, or in any way affecting any real estate, or personal property, chose in action, or thing, it is sufficient if it is proved on the trial that, at the time when the offense was committed, either the actual, or constructive possessions, or the general, or special property, in the whole, or any part thereof, was in the person, or community, alleged in the indictment or information to be the owner thereof."

At the trial under the first indictment for larceny naming Daniel Rappa as owner of the stolen property instead of Daniel D. Rappa, Inc., it was sufficient for the State to have shown the lawful possession of the property in Daniel Rappa to have warranted a conviction. *State v. Robinson,* 7 *Boyce* 106, 103 *A.* 657.

The State now concedes that if the evidence at the trial under the first indictment showed possession of the goods, which were the subject matter of the larceny, in Daniel Rappa, even though the indictment recited ownership in Daniel D. Rappa, Inc., the statute would have permitted the jury to have convicted or acquitted the defendant of the larceny charge. The State further concedes that had the jury convicted or acquitted the defendant at the first trial, the present plea of double jeopardy would have to be sustained by the Court.

Since the State makes the foregoing concessions, it must logically follow that it must further concede that the facts that are to be produced on the second prosecution are the same as the facts that could have convicted on the first prosecution. Has not, therefore, the State admitted double jeop-

ardy? The State, however, argues that since the case did not go to the jury, and since there had not been a conviction or acquittal by the jury, that this is reason enough for denying the motion to dismiss the indictment.

■ The State misconstrues the test for determining double jeopardy. It is not important whether there had been a conviction or acquittal by the jury at the first trial, but the determining factor is whether or not there could have been an effective conviction or acquittal on the evidence at the first trial so as to bar a second prosecution. *People ex rel. Meyer v. Warden of Nassau County Jail*, 269 *N. Y.* 426, 199 *N. E.* 647, 648; *People v. Tallman*, 193 *Misc.* 563, 84 *N. Y. S.* 2d 359, 361; 1 *Wharton's Crim. Law* (12th Ed.) § 394, pp. 534, 535, § 396, *p.* 558. Defendant has already conceded this.

I conclude that the defendant was placed in jeopardy at the first trial and that the offense charged in this new indictment is the same offense charged in the first indictment. Therefore, the defendant must prevail, unless by his conduct at the first trial he has waived his right to raise the constitutional bar of double jeopardy to a second trial.

### Waiver

The State argues that the plea of double jeopardy is not available to this defendant where the first jury was discharged on defendant's own motion or with his consent. Defendant argues that the record demonstrates that the case against the defendant came to an end at the first trial by the Court granting his motion to dismiss, which the Court should now treat as a judgment of acquittal, granted only after the State had rested its case.

■ Generally, a defendant will not be permitted to plead former jeopardy where the jury before whom he was first on trial was discharged on his own motion or with his consent. 22 *C. J. S., Criminal Law*, § 261, *p.* 399; 15 *Am. Jur., Criminal Law*, § 403, *p.* 74; 2 *Wharton's Crim. Evidence*,

§ 650, *pp.* 544, 545, § 657, *p.* 554; 1 *Wharton's Crim. Law,* § 395, *p.* 549; *State v. Boyles,* 7 *W. W. Harr.* 223, 181 *A.* 362, 363.

Defendant does not argue against the rule. Instead, he argues that the rule has no application to his case because the record establishes that the jury was discharged on defendant's motion only after the State had rested its case, admitting that it had insufficient evidence to proceed.

Initially, the defendant, under the misapprehension that there was a fatal variance, moved to dismiss. The defendant, however, changed his position, and demanded that the State proceed with its case. The State, thereupon made various motions, also believing the variance to be fatal, to end the trial. Finally, at the urging of the defendant, the State refused to prosecute further and rested its case. The defendant then moved to dismiss the charge against the defendant on the ground that the State had failed to establish a *prima facie* case. The Court granted the motion with the consent of the State. At the time the action was dismissed, there was no evidence in the record of the ownership of the goods taken since this evidence had been removed from the record by agreement of the parties.

In reality, defendant's motion was for a judgment of acquittal under *Rule* 29(a),[1] *Superior Court Rules, Del. C. Ann.* His mistake in asking for a dismissal instead of a judgment of acquittal, and the Court's error in granting the motion

---

[1]"Rule 29.   Motion for Acquittal

"(a)   Motion for Judgment of Acquittal.   Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the State is not granted, the defendant may offer evidence without having reserved the right."

to dismiss rather than ordering a judgment of acquittal is a mistake in nomenclature only. The issue raised by the motion of the defendant was whether there was sufficient evidence to sustain a conviction. The State's refusal to continue prosecution and its agreement to dismiss after it had rested its case, together with the state of the record, left the Court no alternative but to grant the motion for dismissal or, more properly judgment of acquittal. Under these circumstances, I find that the defendant did not waive his constitutional right to raise the defense of double jeopardy.

Defendant's motion to dismiss the second indictment is granted.