**Edward J. RENTOUL, Appellant,**

v.

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Jan. 3, 1973.

Stanley C. Lowicki, Wilmington, for appellant.

Charles Brandt, Deputy Atty. Gen.,* Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

Appellant, Edward J. Rentoul (Rentoul), was convicted, after a jury trial in Superior Court, of driving while under the influ-

ence of alcohol in violation of 21 Del.C. § 4176(a). He seeks review on the grounds that he was placed in jeopardy at his first trial which was declared a mistrial, and that a second trial constituted double jeopardy. He also charges that several errors justifying reversal were committed in the second trial.

On November 26, 1970, appellant was stopped by the Delaware State Police after he was observed crossing the centerline while driving. Upon making a preliminary observation that appellant was under the influence of alcohol, the trooper asked appellant to perform two routine field coordination tests. As a result of these tests, it appeared to the trooper that appellant was under the influence of alcohol, and he was thereupon taken to Troop 6, where he was asked to take a MOBAT test to determine the level of alcohol in his blood. Appellant consented to the MOBAT test after having been informed merely that if he refused to take the test he would lose his drivers license for six months.[1] Because of an insufficient breath sample, the state chemist could make no determination of the level of blood alcohol.

At Rentoul's first trial, the State represented, in its opening statement, that the MOBAT test was defective and could not be used. Rentoul's counsel alleged that the State was suppressing favorable evidence which could acquit Rentoul. The Court ruled that these remarks of counsel before the jury constituted prejudice and therefore, *sua sponte,* declared a mistrial, without the consent of either party.

Appellant subsequently moved to dismiss the pending information on the grounds that a second trial would constitute double jeopardy, in violation of the Fifth Amendment to the United States Constitution and Article 1, Section 8, of the Delaware Constitution of 1897, Del.C.Ann. In denying the motion, the Court ruled that the mistrial was ordered to protect the appellant

---

* Did not appear in the two jury trials below.

1. 21 Del.C. § 2740B (1969).

from prejudice, and that such an order was within its discretion.

At his second trial on September 30, 1971, Rentoul again moved for a dismissal of the case on the grounds of double jeopardy. The Court denied the motion, stating that it was bound by the decision on the prior motions for dismissal. Appellant was subsequently found guilty of the charge.

## I

Rentoul contends that the *sua sponte* decision to declare a mistrial by the Court in the first trial was error, and that Rentoul was placed in double jeopardy by virtue of his second trial, in violation of the Fifth Amendment to the United States Constitution and Article 1, Section 8, of the Delaware Constitution of 1897.

During the first trial, both counsel created situations of prejudice in their opening remarks. The Attorney General stated that the MOBAT test was defective, when in reality the sample was insufficient to yield a qualitative result. On the other hand, defense counsel stated his belief that evidence favorable to the defendant was being suppressed or withheld.

Rentoul argues that the remarks do not constitute sufficient grounds for a mistrial and that he was, therefore, placed in jeopardy. The Delaware rule on former jeopardy was enunciated in Hall v. State, Ct. Gen.Sess., 3 W.W.Harr. 233, 134 A. 692 (1926), wherein the Court stated:

> ". . . in those states that have a constitutional provision respecting former jeopardy, similar to ours . . . where a defendant is placed on trial under a valid indictment and a jury is drawn and sworn to try the case, he cannot be again tried for the same offense (citations omitted).

> "It is true that there are *exceptions* to this rule, for instance, where, for the promotion of justice, or for some other necessary reason, the jury is discharged before rendering a verdict." *Id.* (emphasis added, citations omitted).

In allowing for the exceptional circumstance, *Hall* cited as authority the case of United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824), where the Supreme Court held that the discharge of a jury before an acquittal or conviction was entered did not, *ipso facto,* create an unconstitutional jeopardy situation. Justice Story there wrote that:

> ". . . the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *Id.*

The rule against former jeopardy is not a mechanical one which requires that a defendant go free each time a trial fails to reach a final verdict. The defendant's rights must, in some instances, be subordinated to the public interest if we are to have fair trials which end in just verdicts. Wade v. Hunter, 336 U.S. 684, 688–689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949); State v. Farmer, 48 N.J. 145, 224 A.2d 481, 494 (1966).

In the case at bar, both parties created a situation wherein the trial Judge was the only person qualified to determine the effect and probable prejudice that would result. It was entirely within his discretion to declare a mistrial and in so doing did not place the appellant in jeopardy. The Supreme Court in Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961) noted:

> ". . . we are unwilling, where it clearly appears that a mistrial has been granted in the *sole interest* of the defendant, to hold that its necessary consequence is to bar all retrial." *Id.* at 1527 (emphasis added.)

The record supports a finding that appellant could have been prejudiced by the

remarks of either or both counsel. It was in his interest that the Court declared a mistrial. This does not represent a situation where the defendant has been deprived of his valued right to have his trial completed by a particular tribunal.

Appellant bases his appeal on United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), in which the District Court was held to have abused its discretion in declaring a mistrial on his own motion after having dismissed all of the government's witnesses after the jury was empaneled. *Jorn,* unlike the case presently under consideration, involved a clear situation wherein sufficient precautions had been taken by counsel to insure a proper trial and neither counsel prejudiced the defendant by his actions.

We do not accept the contention that *Jorn* is conclusive that jeopardy attaches upon retrial. *Jorn* notes that because of the numerous complexities of the modern judicial process,

> ". . . a mechanical rule prohibiting retrial whenever circumstances compel the discharge of a jury without the defendant's consent would be too high a price to pay for the added assurance of personal security and freedom from governmental harassment which such a mechanical rule would provide." *Id.* at 554.

The Court then went on to hold that the Double Jeopardy Clause is not a guarantee of a single proceeding. Citing *Perez, supra, Wade, supra;* and *Gori, supra,* the Court held that in the absence of a defense motion, the *Perez* doctrine stands as a

> ". . . command to trial judges not to foreclose the defendant's option until a *scrupulous exercise of judicial discretion* leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings." *Id.* at 557 (emphasis added.)

The Supreme Court refused to create a mechanical rule based on categories of circumstances, but stated that the onus is solely on the trial Judge, after his review of the circumstances surrounding a decision to discharge the jury, to employ his discretion in ordering a mistrial. A decision under such considered circumstances is reviewable only upon a showing of abuse of discretion.

In the case at bar, we are unable to state categorically that the Court in the first trial abused his discretion. The record reflects a conscientious and deliberate judgment by the Court in order to guarantee the defendant an impartial trial by a jury of his peers.

## II

The appellant's charges of error at the second trial require no specific comments. Prior decisions of our Court's supply adequate answers to them, and we need only say that we find no merit in them.

The judgment below will be affirmed.