**Ricardo RAMIREZ, Appellant
(Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 99–79.

Supreme Court of Wyoming.

Jan. 26, 2000.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; Michael Dinnerstein,* Assistant Appellate Counsel.

Representing Appellee: Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director, and Ericka S. Smith, Student Intern, of the Prosecution Assistance Program.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

GOLDEN, Justice.

In this appeal, we consider whether a defendant's testimony was unconstitutionally curtailed during his jury trial for aggravated assault. Appellant Ricardo Ramirez testified at his trial concerning his prior convictions and explained the underlying facts of one of those prior convictions. When he attempted to explain the underlying facts of another prior conviction, the district court ruled that

* Order Granting Motion to Withdraw as Counsel signed May 18, 1999.

his explanation was irrelevant and Ramirez offered no further explanation. Ramirez challenges that ruling.

We affirm the order of judgment and sentence.

## ISSUES

Ramirez presents a single issue for our review:

Did the court deprive Appellant of a fair trial, due process, equal protection of the laws, and his right to present a defense by barring him from presenting evidence supporting his defense?

The State restates the issue as:

Did the district court properly sustain the State's objection to Appellant's testimony regarding the underlying factual details of a prior felony for which Appellant had been convicted?

## FACTS

On April 10, 1998, Ramirez invited the victim, Mr. Medina, into his home as his guest and both spent part of that day watching television and sleeping. After Medina left, Ramirez' girlfriend told Ramirez that Medina had made a sexual advance towards her. Angry, Ramirez returned to Medina, who was waiting outside in a car, and attacked him with a knife. Ramirez was charged with aggravated assault under Wyo. Stat. Ann. § 6–2–502(a)(ii).

Ramirez was tried before a jury for stabbing the victim in the side and inflicting a cut on the victim's hands with a knife. After the prosecution rested its case-in-chief, the defense called Ramirez to testify. Ramirez denied that he intentionally stabbed the victim and claimed that the victim's injuries occurred when he threatened him and the two struggled with the knife. During that testimony, defense counsel asked Ramirez about his previous convictions. After Ramirez stated that he had most recently been convicted of a burglary for which he was now on parole, he stated that he had been convict-

ed of involuntary manslaughter over twenty years earlier.[1] Defense counsel asked Ramirez to tell the jury what happened, and Ramirez explained at some length the underlying facts of that offense. The following then took place:

Q. Were you ever convicted of committing any crimes after that?

A. Yes, I was. After that incident, I didn't—I was lost. My mind was pretty messed up. That was severe, and I felt—I always felt guilty about it, but they sent me to the penitentiary for it. I got out. I couldn't stand to live around that area because his mom and his brothers and sisters live right around the corner from us.

Prosecutor: Your Honor, I'm going to object to the narrative type of testimony. I believe that the question was, have you been charged and convicted of any other.

Court: I'm going to sustain the objection, counsel. Mr. Ramirez, the question was simply whether you have been convicted of other crimes, if so, what are they.

Witness: Actually, I was convicted for armed robbery.

Q. And where was that? . . .

A. This was in Tennessee.

Q. And when?

A. Approximately about six months after that incident was over, around '75.

Q. What happened with that?

A. Well, I was just—I was just running around everywhere, hitchhiking. I, like I said, I left -

Prosecutor: Your Honor, I am going to object to the Defendant's version of each and every one of these. I don't think that it is relevant. . . . I believe that the client's version of each and every one of these is improper.

Court: What's the relevance, counsel, on these narratives?

Defense: We're just finding—or letting them know what happened in each, or

---

1. Although this conviction would appear to exceed the time limits of W.R.E. 609(b), the record does not state the date that Ramirez was released from the confinement imposed for that conviction.

letting the jury know that he does have a felony record ..., because it will be brought out by the State.

Court: Well, that's fine, counsel, as far as the record goes, but I don't see any particular relevance to what happened. If there was a conviction, there was a conviction. He doesn't need to go beyond that. The objection is sustained.

After this ruling by the district court, the defense did not make an offer of proof that further details of Ramirez' prior convictions were relevant to an issue at trial. On cross-examination of Ramirez, the prosecutor asked him if the Tennessee armed robbery conviction involved the use of a deadly weapon, specifically a knife. Ramirez answered that it did. In closing arguments, the prosecutor argued the following:

This is an extremely dangerous man. We've talked about his record. I've got his record here all written out. And I'm not going to talk about it. We know he is an habitual offender. He got four years for that. Three years for one residential. Twelve years for armed robbery, deadly weapon, a knife. You must find him guilty of the crime charged by finding that the State has proven each and every element by a reasonable doubt.

The jury returned a verdict of guilty, and this appeal followed.

## DISCUSSION

*Standard of Review*

■■■ Generally, an evidentiary ruling is within the sound discretion of the trial court, and we will not find error unless the court abused its discretion. *Gentry v. State*, 806 P.2d 1269, 1271 (Wyo.1991). A witness's prior convictions may be used as impeachment evidence under W.R.E. 609. *Id.* A proponent may elicit on direct examination evidence of the existence, but not the absence, of his or her own witness's prior convictions. *Id.* at 1272. A district court's ruling excluding a defendant's testimony about his prior convictions is constitutional error. *Id.* at

1273. Ramirez contends that the district court's ruling excluding details of his prior conviction deprived him of his constitutional right to present his defense. The State contends that Ramirez does not have a constitutional right to present the underlying facts surrounding his previous convictions and the district court acted within its discretion in limiting Ramirez' testimony.

■■■ Ramirez does not provide any authority holding that he has the constitutional right to explain the details of an underlying conviction. Wyoming's rule is that a testifying defendant is required to give answers only as to whether he had been previously convicted of a felony, as to what the felony was, and as to when the conviction was had. *Bradley v. State*, 635 P.2d 1161, 1163 n. 3 (Wyo.1981) (citing *United States v. Brown*, 583 F.2d 659, 670 n. 15 (3rd Cir.1978); *United States v. Tumblin*, 551 F.2d 1001, 1004 (5th Cir.1977); 3 Louisell and Mueller, Federal Evidence s 319, 350 (1979)).[2] However, it is within the district court's discretion to permit a witness to explain to some extent the underlying facts of his conviction if doing so is not irrelevant, distracting and collateral. *State v. Amburgey*, 33 Ohio St.3d 115, 515 N.E.2d 925, 927 (1987). A witness who does explain, however, permits cross-examination about those details as an exception to the general rule. *United States v. Robinson*, 8 F.3d 398, 410 (7th Cir.1993) (collecting cases); *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir.1977); *see also State v. Tucker*, 800 P.2d 819, 823 (Utah App.1990); *McCall v. State*, 97 Nev. 514, 634 P.2d 1210, 1211 (1981).

After allowing Ramirez to explain at length the details behind his involuntary manslaughter conviction, the district court sustained the State's objection to explaining the details leading up to his other convictions for armed robbery in Tennessee. The court's ruling was within its discretion to limit Ramirez' testimony, and we find no abuse of discretion.

---

**2.** Wyoming has looked to federal cases interpreting Rule 609 because the rules are identical.

*Gentry*, 806 P.2d at 1271.

After the district court excluded this testimony, the prosecution cross-examined Ramirez about his previous convictions and asked the following:

Q. In fact, that particular case resulted in a guilty—I'm sorry. I misspoke, aggravated robbery, what they call it in the state of Tennessee is armed robbery.

A. Yes, sir.

Q. And in fact, that involved the use of a deadly weapon, to wit, a knife?

A. Yes, sir.

Ramirez contends that by allowing this cross-examination and the reference to the knife in the previous armed robbery conviction, the district court deprived him of a fair trial, due process and equal protection of the laws since it barred the defense from offering admissible evidence on the grounds of irrelevance after the prosecutor had already adduced evidence on the very same subject. We first note that the district court ruled that Ramirez' explanation was irrelevant before the prosecution asked its question. This portion of the cross-examination did, however, elicit a forbidden detail of the crime for which Ramirez had been convicted. *See Bradley*, 635 P.2d at 1165. However, it was elicited after Ramirez had spent considerable time explaining that he had not intentionally injured Medina with a knife and testifying that the details of one previous conviction demonstrated minimal guilt on his part in an effort to show that his conviction did not affect his credibility on the issue of intent. Ramirez' further attempts to minimize his guilt concerning his other convictions were curtailed by the district court; however, his point had been made. "In such cases the defendant may be cross-examined on any facts which are relevant to the direct examination," *Wolf*, 561 F.2d at 1381, provided, however, the prosecution does not "harp on the witness's crime, parade it lovingly before the jury in all its gruesome details, and thereby shift the focus of attention from the events at issue in the present case to the witness's conviction in a previous case." *Robinson*, 8 F.3d at 410.

We find the single question was relevant to evidence elicited on the direct examination, and the prosecution properly asked the question. We further note that for the same reasons that the prosecution could ask whether a knife was involved in the Tennessee armed robbery, it was not improper for the prosecution in its closing argument to make a single reference to Ramirez' previous conviction for armed robbery involving a knife. No objection was made to either the prosecution's question or the reference at closing argument, and plain error has not been argued in this appeal asserting that the prosecution used the prior convictions as substantive rather than impeachment evidence.

The order of judgment and sentence is affirmed.