**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50152 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03639-AJB-1 |
| v. | |
| JONATHAN CRUZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted November 17, 2014
Pasadena, California

Before: SCHROEDER, PREGERSON, and NGUYEN, Circuit Judges.

Jonathan Cruz ("Cruz") was found guilty of importing 9.84 kilograms of

marijuana and 4.50 kilograms of methamphetamine, in violation of 21 U.S.C.

§§ 952 and 960, and sentenced to the mandatory minimum sentence of ten years.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

Cruz appeals his conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291. Because we reverse Cruz's conviction for prosecutorial misconduct, we do not reach his other issues.

We review prosecutorial misconduct claims for plain error where defense counsel failed to object before the district court. *United States v. Reyes*, 660 F.3d 454, 461 (9th Cir. 2011). Under plain error review, we will reverse Cruz's conviction only if the prosecutor's statements were improper and the statements resulted in substantial prejudice. *United States v Sanchez*, 659 F.3d 1252, 1256 (9th Cir. 2011).

In rebuttal, the prosecutor argued "[Cruz] is guilty of what he is charged with. Find him guilty and do the right thing and make him finally take responsibility for what he did." By stating "do the right thing" the prosecutor improperly expressed his personal opinion to the jury. *See United States v. McKoy*, 771 F.2d 1207, 1210-11 (9th Cir. 1985). Without reference to the evidence or the burden of proof, the "do the right thing" statement improperly urged the jury to convict on the basis of the prosecutor's subjective belief of what was "right," as opposed to the persuasive force of the evidence. *See Sanchez*, 659 F.3d at 1257 (holding prosecutor's statement to the jury to "send a memo to all drug traffickers" was improper because it urged the jury to convict for reasons wholly irrelevant to

2

the defendant's guilt or innocence); *United States v. Sanchez*, 176 F.3d 1214, 1224-25 (9th Cir. 1999) (holding prosecutor's statement to the jury that it was its duty to find defendant guilty was improper because "the prosecutor did not tell the jury that it had a duty to find the defendant guilty only if every element of the crime had been proven beyond a reasonable doubt.").

The prosecutor's "do the right thing" statement was prejudicial to Cruz for several reasons. First, because the prosecutor is the sovereign's representative, the jury may have been misled into thinking his "do the right thing" statement was validated by the government. *See United States v. Kerr*, 981 F.2d 1050, 1053 (9th Cir. 1992) ("A prosecutor has no business telling the jury his individual impressions of the evidence. Because he is the sovereign's representative, the jury may be misled into thinking his conclusions have been validated by the government's investigatory apparatus."). Second, the court did not give a curative instruction. *See Sanchez*, 659 F.3d at 1258. Third, the prosecutor's rebuttal argument was the last thing the jury heard before beginning deliberation; this timing increased the risk that the prosecutor's improper statement influenced the jurors. *Id.* at 1261. We reverse Cruz's convictions and remand for a new trial.

**REVERSED** and **REMANDED**.

3

*United States v. Cruz*, No. 13-50152

NGUYEN, Circuit Judge, concurring in part and dissenting in part:

I agree that the prosecutor's "do the right thing" statement clearly constitutes prosecutorial misconduct. However, under plain error review, we may only reverse when "prosecutorial misconduct has deprived a defendant of a fair trial," which we determine by "look[ing] to the substance of any curative instructions and the strength of the case against the defendant absent the misconduct." *United States v. Sanchez*, 659 F.3d 1252, 1257 (9th Cir. 2011).

Here, the evidence against Cruz was overwhelming—he was caught red-handed with the drugs in his car and confessed that he agreed to smuggle the drugs for money. The single instance of argument error during the government's rebuttal did not affect Cruz's substantial rights. Nevertheless, I am troubled by the government's failure to recognize the error, particularly because the same office that prosecuted Cruz recently assured us that its training would "reinforce the principle that all Assistant U.S. Attorneys must be aware of the rules pertaining to closing argument and must make every effort to stay well within those rules." *United States v. Maloney*, 755 F.3d 1044, 1046 (9th Cir. 2014) (en banc). Although the trial in this case occurred before *Maloney* was decided, the government, post-*Maloney*, insisted at oral argument that its statement was proper.

1

It was not.  As the majority stated, a prosecutor steps outside of his or her proper role by encouraging the jury to "do the right thing."

However, there's no basis for reversal, not on this or the three other claims that Cruz also raised on appeal.  I therefore would affirm.