GRAMBY ANDREW HANLEY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

Nos. 4910 and 5150

December 4, 1967                    434 P.2d 440

[Rehearing denied January 9, 1968]

*Raymond E. Sutton,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, Carson City, *George E. Franklin, Jr.,* District Attorney, Clark County, for Respondent.

462

## OPINION

By the Court, COLLINS, J.:

The above two cases were consolidated for hearing on appeal because they both arose out of the same trial in the lower court.

Case No. 4910 involves an appeal from an order of the trial court denying appellant's application for change of the place of trial. Case No. 5150 is an appeal from the judgment of conviction and denial of a motion for a new trial entered following conviction by the jury in the court below.

We conclude there is no merit to either appeal and sustain the various rulings of the lower court.

Appellant Gramby Andrew Hanley was arrested in March

1962 on a burglary charge. Before commencement of that trial he moved for a change of venue on the ground that he could not get a fair trial in Clark County, Nevada, due to the unfavorable publicity given him by the Las Vegas press. His motion was denied and he appealed to this court. This court upheld the ruling of the trial court in Hanley v. State, 80 Nev. 248, 391 P.2d 865 (1964), on the ground that the motion for change of venue was premature.

Following that action he was brought to trial in October 1964 on an amended information charging him with burglary. A jury was selected and after a number of continuances the trial was continued without date on December 28, 1964. A second amended information was filed in January 1965, to which appellant pleaded not guilty. At that time appellant's counsel moved to discharge the previously selected jury. The state entered no objection and the order was entered.

On February 22, 1965 a second jury was impaneled and thereafter appellant requested the court to allow him to change his plea from not guilty to that of once in jeopardy. The court refused. The trial resumed on February 24, 1965, at which time appellant's counsel moved a second time for a change of venue on the ground that appellant could not get a fair trial because some of the jurors had read about his case or about the activities of appellant's father. The trial court denied the motion from which order the defendant appeals the ruling in Case No. 4910.

The trial of the second amended information commenced on March 8, 1965. The prosecution presented its case in chief, and rested. On the day when appellant was to commence the presentation of his case he failed to appear. He had been free on bail. After granting two continuances due to the absence of appellant the court ordered appellant's counsel to proceed with his defense. Appellant's counsel presented one witness who testified to facts indicating the alleged entrapment of appellant. Appellant rested. The prosecution then called one rebuttal witness, the officer who allegedly entrapped appellant. This testimony was received in the absence of appellant. Appellant's counsel moved for a mistrial which the trial court denied. The case was given to the jury who returned a verdict of guilty against appellant. The verdict was received in the absence of appellant.

It was not until April 29, 1966, over one year later, that appellant was apprehended somewhere in the State of Colorado and returned to Nevada. He then appeared before the trial court for sentencing. Appellant was pronounced guilty of

the crime of first degree burglary and sentenced to a term of imprisonment of not less than one nor more than fifteen years.

Appellant's specifications of error are as follows:

1. Denial of the motion for change of venue.

2. Denial of the change of plea to that of former jeopardy.

3. Denial of continuance for obtaining an out-of-state witness.

4. Trial of appellant in absentia.

5. Receiving of the jury's verdict out of the presence of appellant.

APPELLANT'S APPLICATION FOR REMOVAL OF PLACE OF TRIAL:

During the selection of the jury to try appellant 27 persons were summoned by the clerk. Twelve of the 27 jurors stated that they had read about the case in the local newspapers. Appellant exercised all of his peremptory challenges. Of the 13 jurors who were chosen (including one alternate juror) five remained who had read about the case. All 13 jurors selected to try the case were passed by appellant for cause. The only prospective juror who was challenged by appellant for cause was excused. This court said in State v. Pritchard, 16 Nev. 101, 113 (1881): "Whenever it appears from the examination, upon his *voir dire,* that a juror is disqualified by reason of the existence of any fact which is made a ground of challenge, the juror must be challenged as specified in the statute, otherwise the party, whether the state or the defendant, will be considered as having waived the right of challenge. * * *." In State v. Anderson, 4 Nev. 265, 279 (1868), the court said: "If he [the defendant] wilfully takes his chance with such a juror, he must abide the result." Quoted with approval, State v. Hartley, 22 Nev. 342, 356, 40 P. 372 (1895). State v. Alsup, 69 Nev. 121, 243 P.2d 256 (1952).

To support a motion for a change of venue it is necessary that the court find either that it is impossible to get an impartial jury or that there is such public excitement about the case that even an impartial jury would be swayed by the considerable pressure of public opinion. State v. Alsup, supra; State v. Casey, 34 Nev. 154, 117 P.5 (1911). The record does not reflect such a situation. The denial of the motion was proper.

## Appellant's Request to Enter a Plea of Former Jeopardy:

Both the Nevada and the United States constitutions prohibit placing a person in jeopardy more than once for the same offense. Jeopardy attaches when an accused is at trial before a sworn jury. State v. Helm, 66 Nev. 286, 209 P. 187 (1949); Ex parte Maxwell, 11 Nev. 428 (1876). Here, however, motion to discharge the previously impaneled jury was made by appellant. When a defendant consents to the discharge of the first jury, he may not plead that jeopardy in bar to another suit on the same matter. People v. Nash, 114 P. 784 (Cal.App. 1911); People v. White, 37 N.W. 34 (Mich. 1888). To allow him to do so, by a literal reading of the constitution, would surely disrupt criminal practice where there is no hint of the oppressiveness at which the prohibition is aimed. Wade v. Hunter, 336 U.S. 684 (1949); State v. Wolak, 165 A.2d 174 (N.J. 1960); State v. Miller, 164 A.2d 690 (Del. 1959).

## Denial of Continuance for Obtaining an Out–of–State Witness:

The record indicates that when appellant's counsel was required to go forward with appellant's case after he absented himself, his counsel called John Wesley Barger who, together with appellant, had been apprehended on the night of March 18, 1962 in Al's Cycle Shop in Las Vegas, Nevada. Appellant also intended to call Bonita Barger, the wife of John Wesley Barger, as a witness. Bonita Barger apparently lived in the Los Angeles, California, area. Appellant's counsel, who had undertaken all procedures required by the Attendance of Witnesses Act (NRS 178.310) moved on March 25, 1965, one month after he had obtained the out-of-state summons, for continuance because the witness had not been served. It was admitted that even if the continuance was granted, the presence of Bonita Barger as a witness could not be guaranteed. Under these circumstances, the court's discretion in denying the continuance is not abused. State v. Nelson, 36 Nev. 403, 136 P. 377 (1913); State v. Rosemurgey, 9 Nev. 308 (1874).

## Requiring Completion of the Trial and Receipt of the Verdict in Appellant's Absence:

NRS 174.490 reads in part: "If the prosecution be for a felony, the defendant must be personally present at the trial.

\* \* \*." Appellant contends that the statute makes it mandatory for a defendant to be present during trial, and that the trial court erred in requiring the trial to proceed in his absence over objection of his counsel. Appellant cites State v. Merritt, 66 Nev. 380, 212 P.2d 706 (1949), which construed a former statute NCL 1929, Vol. 5, § 10921, identical to NRS 174.490 where this court stated: "Under the statute, the presence of the defendant, in a felony case, cannot be dispensed with, and by reason of the requirements of due process, both the defendant's presence and that of his counsel, throughout such a trial, must be had." Appellant was present throughout the presentation of the state's case in chief. He absented himself when the trial was reconvened to hear appellant's evidence and testimony. The trial court granted several continuances for that reason but when it became apparent that appellant's counsel could not produce him, the court ordered the trial to continue. Appellant's counsel called one witness, John Wesley Barger, who testified on behalf of appellant, indicating the defense of entrapment. Appellant's counsel also desired to call Bonita Barger, wife of John Wesley Barger, but she was never served with summons compelling her to be present at the trial. Following the testimony of that one witness, appellant rested. In rebuttal the state called one witness, Officer Goldberg, to rebut the testimony of appellant's witness Barger. Thereafter the respondent rested, the case was argued, submitted to the jury and the court allowed the jury to return its verdict against appellant during his continued absence. The record indicates that his absence from the trial was voluntary. The court continued the rendition of sentence until appellant was finally returned by legal process to Nevada.

The defendant in a criminal case clearly has the *right* to be present throughout the various stages of his trial. The issue presented to this court is whether, under the statute quoted above requiring that the accused "must be present," his voluntary and intentional absence prohibits the court from proceeding with the trial and receiving the jury's verdict. The majority rule in the United States is that if after the trial has begun in a defendant's presence, he voluntarily absents himself ·and the offense is not a capital case, such absence does not nullify what has been done or prevent the completion of the trial. On the contrary, it operates as a waiver of his right to be present and leaves the court free to proceed with the trial in a manner and with like effect as if he were present. Diaz v. United States, 223 U.S. 442 (1911). It is true that the statute construed in

Diaz was permissive in nature while the Nevada statute appears to have a mandatory wording. We hold, however, that the mandatory wording of the Nevada statute simply requires that the state not do or undertake any action which precludes the defendant from being present at the trial. The defendant's voluntary absence waives his right to be present and he cannot thereafter complain of a situation which he created. Accord: United States v. Vassalo, 52 F.2d 699 (E.D.Mich. 1931). People v. Steenbergen, 203 N.E.2d 404 (Ill. 1964); People v. Welsh, 248 N.Y.S.2d 14 (S.Ct.Tri.Div. 1964); State v. Aikers, 51 P.2d 1052 (Utah 1935); Frey v. Calhoun, Circuit Judge, 64 N.W. 1047 (Mich. 1895); Commonwealth v. McCarthy, 40 N.E. 766 (Mass. 1895); Falk v. United States, 15 App.D.C. 446 (1899); Cox v. Hand, 347 P.2d 265 (Kan. 1959); State ex rel. Shetsky v. Utecht, 36 N.W.2d 126 (Minn. 1949).

There is some authority to the contrary but we are not persuaded by those cases. Hopt v. Utah, 110 U.S. 574 (1884); State v. Reed, 210 P. 756 (Mont. 1922); State v. McCausland, 96 S.E. 938 (W.Va. 1918); Noell v. Commonwealth, 115 S.E. 679 (Va. 1923). California's Penal Code, § 1043, as amended in 1951[1] is more stringent than the Nevada statute but notwithstanding the California courts have held that in a proper case a defendant may waive the rights given by the statute. People v. Teitelbaum, 329 P.2d 157 (Cal.App. 1958), (a defendant free on bail who chose not to appear by his own volition); People v. Rogers, 309 P.2d 949 (Cal. App. 1957), (a defendant who voluntarily induced a state of insulin shock was held to have waived the benefit of the statute). Therefore, both by virtue of impressive authority and by reason we adopt the majority rule. A contrary holding would allow an accused to frustrate judicial proceedings by voluntary departure. Defendants would hold within their hands the ability to block trial, perhaps forever. As was said in Falk v. United States, supra, it would not seem "consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to withdraw himself

---

[1]"The defendant must be personally present at the trial; provided, that in case of a misdemeanor charge, if he absents himself with full knowledge that a trial is to be or is being had, the trial may proceed in his absence. If the defendant in a felony case fails to appear at any time during the course of the trial and before the jury has retired for its deliberations or the case has been finally submitted to the judge, and after the exercise of reasonable diligence his presence cannot be procured, the court shall declare a mistrial and the cause may be again tried."

from the courts of his country and break up a trial already commenced." While we have no Nevada case directly in point, this court did state in State v. Clark, 36 Nev. 472, 135 P. 1083 (1913), that rights given "are guaranteed to every accused person so that he cannot be punished by any unjust and clandestine trial in his absence, according to ancient tyrannical methods." Nothing in this decision violates that rule. Furthermore, while not an issue in this case, the recent amendment to the Nevada statutes, Assembly Bill 81, approved April 26, 1967, section 331.2, which in effect adopts the Federal Rule of Criminal Procedure No. 43, reads as follows: "In prosecution for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict." That conforms exactly with the action of the trial court in this case.

Other points urged by appellant are without merit.

The orders refusing new trial, and in arrest of judgment are approved. The conviction is affirmed.

THOMPSON, C. J., BATJER, J., MOWBRAY, J., and YOUNG, D. J., concur.