MARVIN MAXEY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 9634

May 17, 1978

578 P.2d 751

*Morgan D. Harris,* Public Defender, and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant stands convicted, by jury verdict, of robbery (NRS 200.380) with use of a deadly weapon (NRS 193.165). His principal contention on appeal is that a hypothetical fact situation given by the judge during voir dire as an illustration of circumstantial evidence constituted an improper comment relative to his guilt or innocence.

Although the alleged improper comment was made during voir dire, appellant's counsel failed to object until after the jury was sworn and both sides had concluded their opening statements. Where, as here, appellant has knowledge of the misconduct, he must assert his right to a mistrial immediately or be deemed to have waived any alleged error. *Cf.* Scott v. State, 88 Nev. 682, 504 P.2d 10 (1972); State v. Hartley, 22 Nev. 342, 40 P. 372 (1895); Horne v. State, 506 S.W.2d 596 (Tex.Crim.App. 1974). Moreover, even assuming error, the record contains overwhelming evidence of appellant's guilt and, thus, we deem any such error harmless. NRS 178.598. *See* Jacobs v. State, 91 Nev. 155, 532 P.2d 1034 (1975); Shepp v. State, 87 Nev. 179, 484 P.2d 563 (1971).

Appellant's other contentions are without merit and, accordingly, the district court judgment is affirmed.