JAMES EDWARD McCALL, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 12265

October 26, 1981                                      634 P.2d 1210

*William N. Dunseath,* Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Richard F. Cornell,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of second degree kidnapping (NRS 200.310(2)) with the use of a deadly weapon (NRS 193.165) and possession of a controlled substance (NRS 453.336). At sentencing, appellant was found to be an habitual criminal (NRS 207.010) and sentenced to two 15-year terms to run consecutively and one 6-year term to run concurrently. Appellant contends that the judgment of conviction should be reversed for several reasons.

1. Appellant first contends that details of his prior felony convictions were improperly admitted. This contention is without merit. At trial, appellant testified on direct examination regarding his two prior felony convictions and attempted to explain them away. It is settled that details of prior felony convictions are admissible where the defendant has sought on direct examination to explain them away or to minimize his guilt. United States v. Barnes, 622 F.2d 107 (5th Cir. 1980); United States v. Wolf, 561 F.2d 1376 (10th Cir. 1977).

2. Appellant next argues that he was denied his right to a

jury trial before twelve citizens because one juror was an alien. Prior to voir dire, defense counsel received the juror's questionnaire indicating that she was a citizen of British Columbia. Appellant failed to object at the time of voir dire, but moved for a mistrial subsequent to trial and sentencing when he discovered that the juror was an alien. Failure to object to the seating of an alien juror at the time of voir dire constitutes a waiver. *See* United States v. Haywood, 452 F.2d 1330 (D.C.Cir. 1971); Charles v. State, 133 S.W.2d 26 (Ark. 1939); State v. Wainwright, 376 P.2d 829 (Kan. 1962); *cf.* McComb v. District Court, 36 Nev. 417, 136 P. 563 (1913) (untimely objection to nonresident grand juror constitutes waiver).

3. Appellant also contends that critical state of mind evidence was improperly excluded. At trial, appellant offered testimony that he was mentally deficient and thus unable to form the specific intent to kidnap. The judge excluded this evidence, ruling that second degree kidnapping is a general, not a specific, intent crime. Appellant does not now contend that this ruling was erroneous.[1] However, appellant argues that this same evidence was also relevant to his duress defense, and to show lack of voluntariness of admissions made to the police. There is no indication that the evidence was offered for these purposes at trial. Where evidence is not offered for a particular purpose at trial, an appellate court will not consider it for that purpose on appeal. State v. Wilson, 557 P.2d 18 (Wash.App. 1976); *cf.* NRS 47.040(1)(b); Van Valkenberg v. State, 95 Nev. 317, 594 P.2d 707 (1979) (supreme court will not review exclusion of evidence where trial counsel makes no offer of proof).

4. Appellant's final contention is that the district court erroneously imposed a separate sentence on him for being an habitual criminal. The record is unclear on the issue of sentencing. At the sentencing hearing, the district court adjudicated appellant an habitual criminal. The court then orally sentenced appellant on the kidnapping and controlled substance counts, adding an enhancement for the use of a deadly weapon. It is unclear, however, whether the sentence included an habitual criminal enhancement.

In the final written judgment, the court sentenced appellant on the kidnapping and controlled substance counts, and then imposed a separate sentence on the habitual criminal charge.

---

[1]We express no opinion as to whether second degree kidnapping requires a specific intent.

Whether the sentence included a deadly weapon enhancement is unclear. Because of the inconsistency between the sentence imposed at the sentencing hearing and the sentence imposed in the final written judgment, we are unable to determine what sentence the district court actually intended to impose on appellant. Therefore, we remand this case to the district court solely for clarification of sentencing.[2]

The judgment of conviction is affirmed. The sentencing order is remanded for clarification.

---

[2]We note that if the written judgment reflects the district court's intended sentence, it must be modified. As presently written, it imposes a separate sentence on appellant for being an habitual criminal. This is impermissible. The purpose of the habitual criminal statute is not to charge a separate substantive crime, but to allege a fact which may enhance the punishment. *See* Cohen v. State, 97 Nev. 166, 625 P.2d 1170 (1981); Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966).