**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JOHN R. MALONEY,
*Defendant-Appellant*.

No. 11-50311

D.C. No.
3:10-cr-02803-DMS-1

ORDER

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted En Banc
September 19, 2013—San Francisco, California

Filed February 28, 2014

Before: Alex Kozinski, Chief Judge, and Harry Pregerson,
Sidney R. Thomas, M. Margaret McKeown, Kim McLane
Wardlaw, William A. Fletcher, Richard A. Paez, Johnnie
B. Rawlinson, Richard R. Clifton, N. Randy Smith and
Andrew D. Hurwitz, Circuit Judges.

Order by Judge Wardlaw

## SUMMARY[*]

### Criminal Law

The en banc court granted the United States Attorney's motion to reverse a conviction for knowing possession of marijuana with intent to distribute, vacate the sentence, and remand to the district court, in a case in which the United States Attorney represented that she and several senior attorneys in her office had reviewed the video of the en banc oral argument and had reconsidered their position regarding the propriety of the prosecutor's argument in rebuttal during closing argument in the district court.

The en banc court commended the United States Attorney, emphasizing that "The prosecutor's job isn't just to win, but to win fairly, staying well within the rules."

Judge N.R. Smith concurred in the result only.

## COUNSEL

John C. Lemon (argued), San Diego, California, for Defendant-Appellant.

Laura E. Duffy, United States Attorney, Bruce R. Castetter (argued), Assistant United States Attorney, Chief, Appellate Section, Criminal Division, David P. Curnow, Assistant United States Attorney, San Diego, California, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

WARDLAW, Circuit Judge:

John Maloney appeals his conviction by jury for knowing possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Maloney was stopped at a Border Patrol checkpoint in Imperial County, California, while driving a tractor-trailer with long-haul capacity. A drug detecting canine alerted to the bunk portion of the cab behind the driver's seat, where Border Patrol agents found 112 packages of marijuana containing 321.33 pounds of the substance. As is typical in these border-crossing drug trafficking cases, knowledge was the only contested element of the charge. And, like many similarly situated defendants before him, Maloney testified that he did not know there was marijuana in the cab; rather, he was duped into believing he was hired to transport a load of Clorox from Riverside, California, to Las Vegas, Nevada, drop it there, and then drive back to El Centro, California, and from there to Blythe, California, to pick up another load—a trip of approximately three to four days.

Though there was never any evidence introduced regarding whether Maloney had luggage with him on the trip, for the first time in rebuttal during closing argument, the prosecutor argued that Maloney must have lied about the details of his trip because he had no luggage with him when he was apprehended, a fact from which the jury could infer knowledge. Maloney's counsel moved for surrebuttal to counter this new argument; the trial court denied the motion. Maloney's counsel made a second motion for surrebuttal,

which was also denied. Maloney's counsel next sought a mistrial, which was denied as well.[1]

A divided panel of our court affirmed Maloney's conviction. A majority of active, nonrecused judges voted to rehear this appeal en banc. We did so on September 19, 2013, and then took the case under submission.

On October 7, 2013, the United States Attorney for the Southern District of California, Laura Duffy, filed a Motion to Summarily Reverse the Conviction, Vacate the Sentence and Remand to the District Court. In that motion, the United States Attorney represented that she and several senior attorneys in her office had reviewed the video of the en banc oral argument and reconsidered the closing arguments made in the district court. They thereafter concluded that "no reference should have been made to luggage in rebuttal argument."[2] The United States Attorney's Office also stated that it planned to "use the video of the [en banc] argument as a training tool to reinforce the principle that all Assistant U.S. Attorneys must be aware of the rules pertaining to closing

---

[1] On appeal, Maloney argued that the district court abused its discretion by denying his motions for surrebuttal, because the prosecutor improperly raised new arguments in his closing argument. The Government argued that the prosecutor's closing argument was proper as commentary addressing the absence of evidence. In the alternative, the Government argued that any error in the prosecutor's closing argument did not warrant reversal due to the overwhelming evidence of Maloney's guilt.

[2] To his credit, the trial prosecutor admitted at oral argument before the three-judge panel that he "sandbagg[ed]" the defense by waiting for rebuttal to bring up the luggage argument, but he did not seem to appreciate that this conduct could be deemed improper. *See United States v. Maloney*, 699 F.3d 1130, 1150 (9th Cir. 2012) (Gilman, J., dissenting).

argument and must make every effort to stay well within these rules."

We commend United States Attorney Laura Duffy for moving to summarily reverse the conviction, vacate the sentence, and remand to the district court. A prosecutor "is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935). More succinctly: "The prosecutor's job isn't just to win, but to win fairly, staying well within the rules." *United States v. Kojayan*, 8 F.3d 1315, 1323 (9th Cir. 1993).

Accordingly, we GRANT the motion to reverse the conviction, vacate the sentence, and remand to the district court.[3]

**REVERSED, SENTENCE VACATED, and REMANDED.**

---

[3] Judge N.R. Smith concurs in the result only.