# IN THE SUPREME COURT OF THE STATE OF NEVADA

KC KEITH COULTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71635

FILED

JAN 14 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
　　　DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of burglary while in the possession of a firearm, two counts of robbery with the use of a deadly weapon, two counts of first-degree kidnapping with the use of a deadly weapon, murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, and battery with the use of a deadly weapon.[1] Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

Appellant Keith Coulter's convictions arise from an incident where Coulter and another man entered Joseph Smalley's apartment armed with firearms; detained and robbed Smalley and his girlfriend, Miasha Paton; and killed Smalley. One of the armed men also battered and attempted to kill Paton. A third perpetrator, Lisa Barksdale, was also involved in the incident but entered an *Alford* plea to conspiracy to commit

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-01806

robbery and robbery and agreed to testify. Coulter raises five main arguments on appeal.[2]

First, Coulter argues that the district court abused its discretion by denying his motion for a mistrial because (1) the third amended information read, in relevant part, that Coulter committed burglary by entering with the intent to commit sexual assault, when Coulter was acquitted of sexual assault in a prior trial; and (2) Barksdale impermissibly testified that Coulter lifted Paton's dress in the bathroom, essentially a prior bad act. We disagree.

As to the reading of the third amended information, Coulter fails to demonstrate either that the State lacked probable cause to charge burglary with intent to commit sexual assault or that evidence supporting the crime for which he was acquitted—sexual assault—would be inadmissible in determining whether Coulter entered Smalley's apartment *with the intent* to commit sexual assault. *See Kansas v. Marsh*, 548 U.S. 163, 194 (2006) (Scalia, J., concurring) (recognizing that an acquittal does not mean the accused was innocent of the crime charged, only that the State failed to meet its burden of proof for that charge); *see also Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to

---

[2]After briefing was completed, Coulter requested that we reinstate briefing so that he could move this court to remand his case to the district court so the district court could rule on his motion to vacate his conviction due to jury tampering. We denied that request without prejudice to his right to file a renewed motion should the district court certify its intent to grant the motion to vacate. *Coulter v. State*, Docket No. 71635 (Order Denying Motion, Apr. 18, 2019). Coulter has yet to file the renewed motion and, thus, we do not need to address the arguments in his appellate briefs asserting that this court should remand for the district court to rule on his motion to vacate.

present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Coulter further fails to demonstrate prejudice as the State amended the information before jury instructions to remove the sexual assault language and the district court neither instructed the jury on sexual assault as a theory underlying the burglary charge nor sent the jury into deliberations with an information that included the sexual assault language. *See Rudin v. State*, 120 Nev. 121, 144, 86 P.3d 572, 587 (2004) (requiring prejudice to a defendant's right to a fair trial for a mistrial to be granted).

As to Barksdale's testimony, it did not constitute prior bad act evidence because the act referenced—the lifting of Paton's dress—was a part of the criminal episode and therefore so closely related to the charged crimes that an ordinary witness could not describe those crimes without also mentioning the uncharged act. *See* NRS 48.035(3) (providing that such evidence "shall not be excluded"); *cf. United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987) (where evidence is part of a single criminal episode, the policies underlying the prior bad act evidence rule do not apply where the defendant is "indicted for less than all of his actions" (quoting *United States v. Aleman*, 592 F.2d 881, 885 (5th Cir. 1979))). And, after Barksdale testified, Coulter considered whether to request a curative instruction or admonishment to the jury regarding her testimony and chose to waive that option. *See Carter v. State*, 121 Nev. 759, 770, 121 P.3d 592, 599 (2005) (holding that where a witness spontaneously or inadvertently references inadmissible evidence not solicited by the State, the district court can cure the defect "by an immediate admonishment directing the jury to disregard the statement"); *Mclellan v. State*, 124 Nev. 263, 270, 182 P.3d 106, 111 (2008) (holding that, for strategic reasons, a defendant may waive "the

giving of a limiting instruction when the bad act evidence is admitted at trial"). Accordingly, we conclude that the district court did not abuse its discretion in denying Coulter's motion for a mistrial on these grounds. *See Ledbetter v. State*, 122 Nev. 252, 265, 129 P.3d 671, 680 (2006) (reviewing a district court's decision to deny a mistrial motion for abuse of discretion).

Second, Coulter argues that the district court should have removed Jurors No. 8 and 12[3] from the jury, and that not doing so warrants reversal. Coulter contends that the district court should have removed Juror No. 8 for implied bias due to her involvement, as a sexual assault victim, in a different case that one of the prosecutors in Coulter's case also prosecuted. And he contends that the district court should have removed Juror No. 12 because he stated during voir dire that a previous jury he served on left him "somewhat jaded" and that he held some bias from that experience. We decline to consider those arguments because Coulter waived any challenge to Juror No. 8 and Juror No. 12. The record "clearly demonstrates that [Coulter] was aware of the salient facts" as to each juror, yet "consciously chose to approve the juror for jury service rather than advance a challenge for cause." *Sayedzada v. State*, 134 Nev. 283, 288, 419 P.3d 184, 190 (Ct. App. 2018). And Coulter fails to demonstrate plain error, as the record reflects that the jurors' views would not "prevent or substantially impair the performance of [their] duties as a juror in accordance with [their] instructions and [their] oath." *Weber v. State*, 121 Nev. 554, 580, 119 P.3d 107, 125 (2005), *overruled on other grounds by Farmer v. State*, 133 Nev. 693, 697, 405 P.3d 114, 119 (2017); *Garner v. State*, 116 Nev. 770, 783, 6 P.3d 1013, 1022 (2000) ("To be plain, an error

_____

[3]The parties incorrectly refer to Juror No. 12 as Juror No. 11 in their briefs.

must be so unmistakable that it is apparent from a casual inspection of the record."), *overruled on other grounds by Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002).

Third, Coulter argues that reversal is warranted because he was improperly convicted based on the testimony of an accomplice, Barksdale, that was not independently corroborated and directly conflicted with Paton's testimony. We disagree. Ample physical, testimonial, and circumstantial evidence—independent of Barksdale's testimony—tended to connect Coulter with the commission of the offense, such as DNA evidence, fingerprints, other physical evidence, and eyewitness testimony. *See* NRS 175.291 (prohibiting convictions based on an accomplice's testimony unless it is corroborated by other evidence that independently connects the defendant to the crime); *Cheatham v. State*, 104 Nev. 500, 504-05, 761 P.2d 419, 422 (1988) ("Corroboration evidence also need not in itself be sufficient to establish guilt, and it will satisfy the statute if it merely tends to connect the accused to the offense."); *see also Heglemeier v. State*, 111 Nev. 1244, 1250, 903 P.2d 799, 803 (1995) (providing that corroborative evidence may be direct or circumstantial). Accordingly, reversal is not warranted on this issue.

Fourth, Coulter argues that the dual convictions for robbery and kidnapping are improper because there was no indication that Smalley was moved from one area of the apartment to another for any purpose other than the completion of a robbery and, as such, any movement was incidental to the robbery. We disagree. While their testimony differed slightly, both Paton and Barksdale testified that Smalley was initially moved from the master bedroom to the bathroom, where either Coulter or the other perpetrator forced Smalley to open a safe and took property from Smalley's

person. Paton and Barksdale both testified that *after* robbing Smalley and forcing him to open the safe, the other perpetrator came into the apartment and took Smalley into the master bedroom where there was scuffling and a series of gunshots. Accordingly, a jury could have determined that moving Smalley to the master bedroom after completing the robbery "had independent significance apart from the underlying robbery." *Pascua v. State*, 122 Nev. 1001, 1005, 145 P.3d 1031, 1033 (2006) (affirming dual convictions for robbery and kidnapping where the jury could have determined that moving the victim had independent significance from the robbery). Moreover, the jury could have determined that moving Smalley to the master bedroom after completing the robbery created a risk of danger "substantially exceeding that necessarily present in the crime of robbery" or "substantially in excess of that necessary" to complete the robbery. *Mendoza v. State*, 122 Nev. 267, 274-75, 130 P.3d 176, 180 (2006) (holding that such increases in risks of danger support dual convictions for robbery and kidnapping). This argument therefore does not warrant reversal of Coulter's conviction.

Fifth, Coulter argues that the district court erred in giving Jury Instruction No. 13 concerning reasonable doubt, Jury Instruction No. 34 concerning implied malice,[4] Jury Instruction No. 33 concerning malice aforethought, Jury Instruction No. 35 concerning premeditation and deliberation, and Jury Instruction No. 57 concerning equal and exact justice. This court has already approved the language Coulter challenges in those instructions. *See, e.g., Middleton v. State*, 114 Nev. 1089, 1111-12, 968 P.2d 296, 311 (1998) (reasonable doubt); *Leonard v. State*, 117 Nev. 53,

---

[4]The parties incorrectly refer to this as Jury Instruction No. 33.

79, 17 P.3d 397, 413 (2001) (implied malice); *Leonard v. State*, 114 Nev. 1196, 1208-09, 969 P.2d 288, 296 (1998) (malice aforethought, premeditation and deliberation, and equal and exact justice). Coulter does not present any argument to support overruling these decisions, especially under a plain error analysis,[5] and reversal is therefore not warranted based on the jury instructions. *See Green v. State,* 119 Nev. 542, 545, 80 P.3d 93, 94-95 (2003) (reviewing unobjected-to jury instructions for plain error). Although Coulter also argues cumulative error, we discern no errors to cumulate.

Based on the foregoing, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Hon. William D. Kephart, District Judge
Jean J. Schwartzer
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[5]Coulter objected generally to the implied malice instruction but argued a different basis than he does on appeal—that express and implied malice are different and should not be included in one instruction. He did not object to the other instructions.

SUPREME COURT
OF
NEVADA

(O) 1947A

7